Atlas Electrical Industries, Petitioner *v.* Workmen's Compensation Appeal Board (Joseph Yontos), Respondents.

Submitted on briefs January 31, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Kathleen A. Lenahan, Lenahan & Dempsey,* for petitioner.

*George W. Teets,* for respondent, Joseph Yontos.

OPINION BY JUDGE CRAIG, March 9, 1983:

Atlas Electrical Industries appeals from a Workmen's Compensation Appeal Board order affirming a referee's award of benefits to Joseph Yontos under those sections of The Pennsylvania Workmen's Compensation Act governing the occupational disease of silicosis.[1] We affirm.

As found by the referee, Atlas employed Mr. Yontos as a foundry worker in three of its plants from 1960 until March 4, 1976, exposing him to silica dust from molds, silica sand and the grinding of castings. From 1946 to 1960, the Hudson Coal Company had employed Mr. Yontos as a coal miner.

The referee found that Atlas improperly ventilated all three of its plants; emloyees worked without benefit of protective masks and, depending on the facility, fans and dust collectors were either nonexistent or inoperative. According to Mr. Yontos' uncontradicted testimony, the dust from the molds, silica sand, and grinding was so pervasive that he and his fellow employees had to leave the building periodically for fresh air.

---

[1] *See* sections 108(k) and 301(c)(2) of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§27.1(k), 411(2).

Dr. Edmund J. Biancarelli, testifying for the claimant on the basis of the occupational history and physical examinations conducted in August of 1977 and 1979, stated that Mr. Yontos had suffered pulmonary impairment and that he was permanently and totally disabled because of accumulated exposure to the hazards of silica dust as a coal miner from 1946 to 1960 and as an Atlas employee from 1960 to 1976:

Q. Based upon the occupational history he gave you, including the years he worked for and the conditions he worked under at Atlas, your examinations and x-rays, do you have an opinion as to whether the work at Atlas either caused the present silicotic condition or aggravated or accelerated any infirmity he might have had as [sic] result of working in the mines so that he's reached his present silicotic condition?

A. Yes, I think that both places where he worked, where he was exposed to silica, contributed to his disease at the time. There is no way you could separate them.[2]

_____

[2] On direct examination, Dr. Biancarelli supplemented his initial testimony that exposure to silica in the Atlas foundry contributed to Mr. Yontos' condition:

Q. In any event, whether it be coal miner's pneumoconiosis as a pre-existing condition and the history given to you that there was silica dust that the claimant was exposed to while working for the defendant, that silica dust did that constitute a further hazard to his lungs?

A. Yes, sir.

Q. From a medical standpoint?

A. Yes, sir.

Q. If he was breathing in that silica dust, do you have an opinion whether or not that would have constituted further injury and aggravation to his pre-existing lung condition?

A. No doubt about it.

. . . .

Testifying for Atlas, Dr. Sander Levinson stated that, on the basis of Mr. Yontos' medical and occupational histories, only coal worker's pneumoconiosis could account for the claimant's pulmonary illness.

The referee, however, found Dr. Biancarelli's testimony more credible and concluded that exposure to silica in the foundry was the cause, in part, of Mr. Yontos' disability.

Atlas contends that there was no unequivocal medical testimony[3] establishing a causal connection between Mr. Yontos' work and his injury, because in his August 1977 medical report, Dr. Biancarelli attributed Mr. Yontos' disability solely to coal worker's pneumoconiosis and only later, at the hearing, testified that the claimant's pulmonary illness was the result of both pneumoconiosis and silicosis. We disagree.

As noted above, Dr. Biancarelli stated unequivocally that exposure to silica in the foundry contributed to Mr. Yontos' disability. Moreover, Dr. Biancarelli explained that his diagnosis of pneumoconiosis in 1977 was the product of an incomplete occupational history, because in 1977, he was aware only that Mr. Yontos worked in a foundry; he did not learn of the claimant's daily exposure to silica at Atlas' facilities until the second examination in 1979.

In *Bethlehem Mines v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 404, 409, 444 A.2d 1313, 1316 (1982), we noted that silicosis is but a specific form of pneumoconiosis and that a physician distinguishes between these two insidious diseases on the basis of a claimant's occupational history. With-

Q. And so long as he continued to have that exposure, would that be considered a continuing hazard to his lung condition?

A. Yes, sir.

[3] *Kosobucki v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 327, 410 A.2d 1315 (1980).

out a complete occupational history of Mr. Yontos in 1977, Dr. Biancarelli understandably attributed the claimant's pulmonary illness solely to work in the coal mines. That incomplete diagnosis, based as it was on incomplete information, in no way detracts from Dr. Biancarelli's subsequent unequivocal testimony linking Mr. Yonto's silicotic condition to work in the Atlas foundry. Noting that questions of evidentiary weight and credibility are for the referee to decide, *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977), we will not disturb the findings below.

Atlas also contends that, if exposure to silica in the foundry only contributed to Mr. Yontos' disability, it should be held liable for only part of the award. However, in *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977), we held that where, as here, the current state of medical science cannot apportion an insidious disease among its several causative factors,[4] the more recent employer will be held solely liable for an employee's total disability "because it subjected him to a hazard which contributed to that disability." *See also Evon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982).

Accordingly, we affirm.

## ORDER

Now, March 9, 1983, the order of the Workmen's Compensation Appeal Board, No. A-80055, dated October 29, 1981, is affirmed.

---

[4] Dr. Biancarelli testified that because of the similarity between coal miner's pneumoconiosis and silicosis, he could not determine how much of the silica in Mr. Yontos' lungs came from the coal mines and how much from the foundry. *Cf. Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 404, 444 A.2d 1313 (1982).