536 A.2d 509

Koppers Company, Inc., and Travelers Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Boyle et al.), Respondents.

Argued October 6, 1987, before President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Francis J. DiSalle, Herrington and Grater,* for petitioners.

*John W. McTiernan,* with him, *William R. Caroselli, Caroselli, Spagnolli & Beachler,* for William W. Boyle, respondent.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C.,* for Chiz Brothers, Inc., respondent.

*Francis E. Pipak, Jr.*, with him, *J. Gregory Gian-nuzzi*, for KTG Glassworks Technology, Inc., respondent.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag*, for Furnco Construction Co., respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 28, 1988:

Koppers Company, Inc., and its insurer, Travelers Insurance Company, seek review by this Court of an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision awarding benefits for disability from silicosis designating Koppers as the solely responsible employer under the terms of Sections 108(k) and 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §§27.1, 411. We will affirm.

Claimant, William W. Boyle, described as an industrial bricklayer, carried out this occupation in construction trades for a period from 1946 until September 13, 1983 for many employers, including several named as defendants in these proceedings. There seems to be little contest that Claimant is disabled because of lung diseases principally due to exposure to silica and possibly asbestos with some complication due to a smoking habit. The contest before us appears to be mainly on liability as between two of the named defendants, Koppers Company, Inc., and Chiz Brothers, Inc. Koppers, the last employer for whom Claimant worked a period of a year, from April 1981 through October of 1982, during which time he was exposed to dusts mostly created by silica products being used in the construction of coke ovens.[1] Claimant thereafter worked for KTG Glassworks

---

[1] R.R. 66a—68a.

Technology and Chiz Brothers, consecutively, Chiz Brothers is raised by Petitioner, Koppers, on its contention that the medical testimony indicates the presence of both silicosis, an enumerated occupational disease, Section 108(k), and asbestosis, another enumerated disease, Section 108(1), whereas the referee's award is solely against Koppers under Section 108(k) for silicosis, silica dust being Claimant's only exposure in his employment with Koppers, and this was affirmed by the Workmen's Compensation Appeal Board. In Section 301(c)(2) of the Act, as to occupational disease disabilities under Section 108(k) for silicosis, or under Section 108(1) for asbestosis, it is provided that the liable employer be the one "in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed . . . ," but the section provides further that

> In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

Koppers contends that the above-quoted provisions of Section 306(c)(2) are inapplicable because the Claimant in this case has a lung disease described by Koppers as "mixed dust pneumoconiosis" and in such cases disability must be compensated, if at all, under the provisions of Section 108(n), commonly known as the omnibus or catch-all section; and under Section 108(n), Koppers contends the rule that existed prior to the 1974 amendment of the Act was still in effect imposing liability under that section upon the last employer in whose employ the employe was subjected to the occupational hazard found to be the cause for his disability. We cannot agree.

First of all, in the record in this case there is no diagnosis of "mixed dust pneumoconiosis" and it appears clearly that Claimant did not suffer his disability from a mixture of undefined dusts, but the cause of his occupational disease disability is at least limited to two enumerated diseases, one of which is specifically fixed as the basis for the liability of Koppers, the employer providing one year of exposure during the 300 week period prior to the disability. Since Claimant's exposure in the employ of Koppers was solely to silica, the question then becomes whether there is medical testimony, supporting the award for silicosis due to exposure at Koppers. Claimant's medical witness, Dr. David Laman, testified that while Claimant suffered from both silicosis and asbestosis, and it was not possible to apportion the contribution that each of these diseases made to the total disability, it was his opinion that the continued exposure to silica aggravated and accelerated the progression of Claimant's lung disease. R.R. pp. 184a, 205a. He also testified that Claimant's disabling lung disease was not due to cigarette smoking, but rather was due to the exposure to silica and asbestos. R.R. p. 201(a). We find remarkably similar and a persuasive authority herein our decision in the case of *Atlas Elec. Industries v. Workmen's Compensation Appeal Board (Yontos)*, 72 Pa. Commonwealth Ct. 476, 457 A.2d 158 (1983). In that case claimant's medical expert attributed claimant's total disability to coal worker's pneumoconiosis contracted by his work in the mines and silicosis contracted by his later work in a foundry and, as here, it could not be determined how much of the silica in claimant's lungs came from the coal mines and how much from the foundry. The claimant's medical witness testified that the continued exposure to silica dust while working in the foundry aggravated the pre-existing lung condition. The award there, as here, was made under Section

108(k) pursuant to Section 301(c)(2). In affirming, we stated:

> Atlas also contends that, if exposure to silica in the foundry only contributed to Mr. Yontos' disability, it should be held liable for only part of the award. However, in Industrial Services Contracting, Inc. v. Wilson, 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977), we held that where, as here, the current state of medical science cannot apportion an insidious disease among its several causative factors, the more recent employer will be held solely liable for an employee's total disability 'because it subjected him to a hazard which contributed to that disability.'

457 A.2d at 160. (Footnote omitted.)

Dr. Laman's opinion is bolstered and corroborated by the medical report of Dr. Harry Sachs, a medical expert engaged by one of the defendants. In this report the admissibility of which is contested by Koppers, an issue which will be considered later, Dr. Sachs found that the Claimant was totally disabled because of his lung disease and silicosis, but could not state with medical certainty that Claimant suffered asbestosis. R.R. 234a.

We are satisfied that in light of the referee's prerogatives in accepting and rejecting testimony, we can state that Claimant has met his burden of proof to establish the liability imposed upon Koppers.

As this court recently noted:

> . . . the referee may reject or accept the testimony of any witness, even that of a medical witness, in whole or in part. (citation omitted). The credibility of witnesses and the weight to be accorded their testimony is the province of the referee . . . (citation omitted) and even uncontradicted expert medical testimony may be disregarded.

*Werner v. W.C.A.B. (Bernardi Bros., Inc.)*, 102 Pa. Commonwealth Ct. 463, 467, 518 A.2d 892, 894 (1986).

Koppers second contention is that the rule in death cases expounded by our Supreme Court in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983) and *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984), is to be applied in this, a disability case; that medical testimony must, therefore, be unequivocal that the particular disease on which liability is predicated must be a "substantial contributing factor" in bringing about the disability. First, examination of *McCloskey* and *Kusenko* convinces us that the rulings in those cases are meant to be applicable where there are multiple causes of *death,* one of which is sought to be designated as the liability cause. Thus, we have declined to apply the *McCloskey* rule in a disability case, *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Luketich)*, 92 Pa. Commonwealth Ct. 605, 500 A.2d 501 (1985). We there distinguished *McCloskey* on the basis that it dealt with recovery for a secondary or contributory cause of the disability; whereas in *Bethlehem Mines,* as here, there were "dual primary causes of the claimant's disability." Of course, in this case the two possible causes enumerated in Section 108 of the Act, silicosis and asbestosis, were properly considered as primary causes for Claimant's disability and, in our view, the referee was within his province on the testimony of record in finding that Claimant was exposed in Koppers' employ "to the hazard of silicosis," which exposure caused "silicosis (injury)" and disability. Findings Nos. 7-9, R.R. 14a.

Finally, Koppers contends that it was reversible error for the referee to sustain Koppers' objection to the medical report of Dr. Murray Sachs and then to later admit it and consider it as set forth in the referee's Finding of Fact No. 16:

Although the Referee sustained objections to Claimant's Exhibit '6' (Dr. Sachs' report of November 19, 1984) at the last hearing, he now reverses that ruling and admits into evidence said exhibit for any additional light it sheds on the facts at issue inasmuch as the claimant adduced other competent, admissible medical evidence.

R.R. p. 15a.

In support of this contention, Koppers calls our attention to our decision in *City of Pittsburgh v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 246, 315 A.2d 901 (1974), but we find that case unpersuasive here, since there the objectionable hearsay formed the sole basis for the referee's decision, whereas here the admission of the report was for the limited purpose of corroboration of other competent evidence. In this connection, we have held that hearsay evidence is admissible over objection, if in corroboration of other competent evidence, *Chelden Radio Cab Co. v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 478, 310 A.2d 726 (1973), and such hearsay evidence may be admitted if relevant and material to the facts at issue for the additional light that it may provide for the fact finder's determination. *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel)*, 70 Pa. Commonwealth Ct. 646, 453 A.2d 753 (1982). Here, although we do not consider Dr. Sachs' statement a vital and necessary support for the referee's medical, factual determinations, we believe that it was properly considered as corroborative of the oral testimony of Dr. Laman, particularly since it supported to some extent the diagnosis and referee's conclusion that silicosis was the responsible cause of Claimant's disability. Also, it was admitted and considered for a very limited purpose, as stated by the referee.

Under these circumstances, the statement being admissible, as noted, and there being no demonstration of prejudice to Koppers therefrom, we believe as we stated in a quite similar situation in *Pittsburgh Board of Education v. Workmen's Compensation Appeal Board (Perkins)*, 108 Pa. Commonwealth Ct. 361, 529 A.2d 1166 (1987), that "[a]ny claimed error is, therefore, harmless." 529 A.2d at 1170.

In light of the foregoing, finding no reversible error on the part of the referee or Board, we will affirm.

### ORDER

NOW, January 28, 1988, the order of the Workmen's Compensation Appeal Board, dated October 27, 1986, as of Nos. A-90760 and C.C.A. 90777, is hereby affirmed.