IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Ciarolla, : 
               Petitioner : 
                : 
          v. :   No.  1263 C.D. 2019
                :   Submitted:  January 31, 2020
Workers' Compensation Appeal : 
Board (Astrazeneca : 
Pharmaceuticals LP), : 
               Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                 FILED:  May 12, 2020

Cynthia Ciarolla (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed the decision and order of a Workers' Compensation Judge (WCJ) granting the petition to terminate compensation benefits (termination petition) filed by Astrazeneca Pharmaceuticals LP (Employer).  Claimant asserts that the Board erred in affirming the WCJ because Claimant's corroborative medical opinions were erroneously disregarded as hearsay. Further, Claimant argues that Employer's medical expert based his testimony on inaccurate information, rendering the testimony incompetent.  Discerning no error below, we affirm.

**I. Background**

Claimant sustained an injury in the course and scope of her occupation with Employer on January 9, 2014.  While traveling for work as a pharmaceutical

sales representative, the vehicle in which Claimant was riding was struck by a school bus. Claimant sustained an injury to her lower back and received medical treatment. Employer accepted the lumbar sprain/strain injury and issued a Notice of Compensation Payable. On June 21, 2017, Employer filed a termination petition, alleging Claimant had fully recovered from her work injury as of November 21, 2016. WCJ Dec., 06/04/2018, Findings of Fact (F.F.) Nos. 1-3a.

After hearings held on August 21, 2017, and June 4, 2018, the WCJ granted the termination petition. In support of its termination petition, Employer presented the testimony of Dr. James L. Cosgrove, M.D., a board-certified physical medicine and rehabilitation specialist, who examined the Claimant on November 21, 2016. Dr. Cosgrove asserted that Claimant had a pre-existing back condition that predated the work injury. According to Dr. Cosgrove's testimony, Claimant had a "gap" in her treatment from October 2014 until March 2016 when she received "essentially no treatment." F.F. No. 4a.

Claimant presented testimony from Dr. Paul S. Lieber, M.D., Claimant's treating physician. Dr. Lieber first examined Claimant on November 1, 2016, at which point Claimant informed him about the work injury. Claimant presented with pain in the lumbar spine and left hip. Dr. Lieber diagnosed Claimant with spondylosis with radiculopathy of the lumbar region, spondylolisthesis of the lumbar region, and disc degeneration of the lumbar region. He attributed these conditions to the work injury, explaining that the injury either caused these conditions or caused pre-existing conditions to become symptomatic. However, Dr. Lieber could not definitively identify the January 2014 work injury as the cause of

2

Claimant's spondylolisthesis. In his opinion, the conditions could have been degenerative in nature. F.F. Nos. 5a, 6.

Dr. Cosgrove noted Claimant's pre-work-injury history of orthopedic complaints as well as a change in Claimant's medical treatment in October 2014. From October 2014 to March 2016, Claimant treated with at-home exercise and the use of oral and topical medications. Claimant did not actively treat with physicians for her injury during this period. F.F. Nos. 4a-f.

The WCJ found Claimant's testimony regarding her work injury to be credible, but in relying on the testimony of Dr. Cosgrove, the WCJ determined Claimant had fully recovered from the work injury. Dr. Lieber took into account Claimant's entire medical picture, including conditions unrelated to or pre-dating the work-related injury. The WCJ rejected this approach. F.F. Nos. 5a-h.

Employer raised hearsay objections to the admission of portions of Dr. Lieber's testimony. Dr. Lieber referenced opinions of Dr. Cortazzo and Dr. Bookwalter, who have a history of treating Claimant. However, as these physicians were not deposed, and Employer did not have the opportunity to cross-examine these individuals, the WCJ sustained Employer's objections. F.F. No. 7.

On appeal to the Board, Claimant argued that the WCJ erred by sustaining hearsay objections to medical reports offered to corroborate the testimony of Dr. Lieber. Claimant also asserted that as these medical reports were not considered, Dr. Cosgrove did not assess all of the evidence. Claimant contends that

3

if Dr. Cosgrove did not consider the full evidence, then his testimony was incompetent.  The Board was not persuaded by these arguments and affirmed the decision of the WCJ.  Bd. Op., 08/15/2019.

Claimant now petitions for review.

## II. Discussion

On appeal,[1] Claimant argues that the WCJ erred in not admitting the medical opinions of Dr. Cortazzo and Dr. Bookwalter because the medical opinions of non-deposed physicians are admissible hearsay when they corroborate the medical opinion of the physician who has been deposed.  Claimant also contends that the WCJ erred in relying on incompetent medical testimony as the evidence of record was not complete.  Finally, Claimant argues that as the WCJ found Claimant's provided medical testimony credible, this testimony cannot support a termination of benefits.

### A. Corroborative Evidence as Hearsay

In workers' compensation cases, hearsay medical reports do not constitute substantial evidence and cannot support an independent finding of a WCJ. This assumption, commonly referred to as the *Walker* rule, applies even if the hearsay evidence is not subject to objection.  *Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366 (Pa. Cmwlth. 1976); *McCray v. Workmen's Comp. Appeal Bd. (Preschool Development Programs, Inc.)*, 648 A.2d

---

[1] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated.  *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

4

348 (Pa. Cmwlth. 1994). This Court has further held that the use of hearsay evidence is limited to cases where there is corroborating evidence and there is no objection on the record. *Benson v. Workmen's Comp. Appeal Bd. (Haverford State Hosp.)*, 668 A.2d 244, n.7, 8 (Pa. Cmwlth. 1995).

Claimant argues that the testimony of Dr. Cortazzo and Dr. Bookwalter should be admissible hearsay because the testimony corroborates the medical opinion of the physician who was deposed. Claimant relies on *Koppers Co. v. Workmen's Compensation Appeal Board (Boyle)*, 536 A.2d 509 (Pa. Cmwlth. 1988) (stating hearsay evidence is admissible over objection if in corroboration of other competent evidence), overruled by *Bell v. Workmen's Compensation Appeal Bd. (Gateway Coal Co.)*, 542 A.2d 530 (Pa. Cmwlth. 1988), in making this argument. However, this Court has since departed from the *Koppers* rationale in favor of the hearsay process outlined in *Walker*, 367 A.2d at 366 (holding that hearsay medical reports, objected or unobjected to, do not constitute substantial evidence). Further, if hearsay evidence is objected to, then it is not competent evidence to support any finding. *McCray*, 648 A.2d at 352.

The testimony of Dr. Cortazzo and Dr. Bookwalter are inadmissible hearsay on the basis of *McCray* alone. Employer properly raised objections to the admission of the evidence to the WCJ. F.F. No. 7. As objected-to hearsay evidence, the testimony of Dr. Cortazzo and Dr. Bookwalter is inadmissible hearsay.

**B. Competence of Medical Testimony**

Claimant argues that the WCJ erred in finding that Claimant had fully recovered from her work-related injury based on the testimony of Dr. Cosgrove. Claimant asserts that Dr. Cosgrove's medical opinion was incompetent as it relied on the fact that Claimant had a 1½-year gap in treatment with a medical doctor. According to Claimant, the gap in treatment is a mischaracterization of Claimant's treatment activities, and therefore, this evidence cannot support a finding of full recovery.

In a workers' compensation case, the WCJ is the sole arbiter of fact. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434 (Pa. 1992). The findings of the WCJ can only be disturbed if there is no competent evidence to support the findings. *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd. (Krawczynski)*, 305 A.2d 757 (Pa. Cmwlth. 1973). The WCJ makes determinations about the credibility of witness testimony. *Casne v. Workers' Comp. Appeal Bd. (STAT Couriers, Inc. & State Workers' Ins. Fund)*, 962 A.2d 14 (Pa. Cmwlth. 2008). In a termination petition, an employer has to prove that the disability related to the compensable injury has ceased. *Id.* This must be done through the use of competent medical evidence. *Id.* An employer meets its burden of proof when its medical expert testifies, to a reasonable degree of medical certainty, that the claimant is fully recovered and that there are no objective findings to substantiate any ongoing symptoms related to the work injury. *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290 (Pa. 1997).

In this case, the WCJ determined that Dr. Cosgrove's testimony regarding a gap in Claimant's medical treatment was credible. Dr. Cosgrove demonstrated that Claimant did not actively treat with any physicians for her work injury during the period from October 2014 to March 2016. Under the advisement of Dr. Zong Fu Chen, M.D., a pain management specialist, Claimant took oral and topical medications and performed at-home exercises. Dr. Cosgrove argued that this did not qualify as treatment because Claimant did not actively consult with a medical professional regarding her condition for an 18-month period.

The WCJ found this argument convincing and, within his discretion, determined that the 18-month period amounted to a gap in Claimant's treatment. While Claimant argues that Dr. Cosgrove provided incompetent testimony by relying upon the allegedly incorrect fact that Claimant sustained a treatment gap, Dr. Cosgrove presented his medical opinion based on the evidence. Dr. Cosgrove assessed the at-home exercise and oral and topical care as not amounting to treatment. The WCJ relied on Dr. Cosgrove's medical opinion in making his termination determination.

The findings of Dr. Cosgrove are not, as Claimant argues, contrary to the established facts of record. Dr. Cosgrove used the facts of record to assess that the 18-month period of home remedies did not amount to medical treatment. Therefore, Dr. Cosgrove's opinion is not incompetent. As competent medical testimony, the WCJ appropriately relied upon it as the basis for establishing Claimant's full recovery from her work-related injury.

7

## C. Exacerbation of Claimant's Pre-Existing Degenerative Disease

Claimant argues that Dr. Cosgrove's testimony indicates that the work injury exacerbated Claimant's pre-existing lumbar symptoms. Claimant further asserts that Dr. Cosgrove's testimony demonstrates that the effects of the exacerbation have not ceased. Claimant argues that the WCJ's determination of full recovery from the work injury is not supported by the evidence provided by Dr. Cosgrove.

Claimant identified that she previously sustained a lower back injury in 2000. Claimant asserts that Dr. Cosgrove indicated that her prior back injury was "aggravated" by the work-related injury on January 9, 2014. During his testimony, when asked about the connection between this previous injury and the work-related injury that Claimant sustained on January 9, 2014, Dr. Cosgrove did not indicate that there was an "aggravation" of a pre-existing condition:

> Q: Does the MRI of March 2014 show any traumatic exacerbation of her degenerative disc disease?
>
> A: It does not. There's no what we call high-intensity zone, no acute edema, no soft tissue swelling.

(Cosgrove Dep., 10/30/2017, pg. 30.) Claimant's account of Dr. Cosgrove's medical testimony directly conflicts with the re-direct examination recorded during the October 30, 2017 deposition.

Dr. Lieber, Claimant's physician, indicated that Claimant's condition could be degenerative and could not say whether Claimant's spondylolisthesis was

8

caused by the January 9, 2014 work injury. F.F. No. 5 (h). In contrast to Dr. Cosgrove, Dr. Lieber expressed his belief that the 2014 injury aggravated Claimant's pre-existing condition.

> Q: You used the term "aggravated" her underlying degenerative disc disease in the lumbar region as a result of the motor vehicle accident in your report of July 17, 2017.
>
> A: Yes. In this case, aggravation is taking a condition that was asymptomatic, causing the injury, which then the person becomes symptomatic and affected.

(Lieber Dep., 04/02/2018, pg. 8.)

As previously established, Dr. Lieber's testimony was not found as credible to the WCJ as the testimony of Dr. Cosgrove, Employer's medical expert. The WCJ properly exercised his discretion by determining that Dr. Cosgrove's testimony was competent and more convincing than Dr. Lieber's testimony. While the WCJ found Claimant's testimony credible with regard to the occurrence of the January 2014 work injury, the WCJ rejected Claimant's testimony to the extent that it suggested that she was not fully recovered from her injury. F.F. No. 6.

In relying on the testimony of Dr. Cosgrove, the WCJ accepted that not only did Claimant recover from her work injury, but that Claimant did not experience an exacerbation of a pre-existing condition. Claimant argues that Dr. Cosgrove testified to an exacerbation. Reproduced Record at 301a. However, the transcript from Dr. Cosgrove's deposition does not demonstrate that Dr. Cosgrove believed Claimant's January 2014 injury exacerbated a pre-existing degenerative lower back

9

condition in Claimant. In fact, the deposition states the opposite. Cosgrove Dep., 10/30/2017, pg. 30.

Despite Dr. Lieber's statement that the January 2014 work injury resulted in "aggravation" of Claimant's pre-existing condition, the WCJ did not find Dr. Lieber's testimony as credible as Dr. Cosgrove's testimony. Dr. Cosgrove stated that an "exacerbation" of Claimant's condition did not occur. Therefore, in relying on Dr. Cosgrove's testimony, the WCJ properly accepted that the work injury did not result in an exacerbation of Claimant's pre-existing condition.

A claimant seeking workers' compensation benefits for the aggravation of a preexisting condition has the burden to demonstrate that the injury arose in the course of employment and is related to that employment. *Pawlosky v. Workmen's Comp. Appeal Bd. (Latrobe Brewing Co.)*, 525 A.2d 1204 (Pa. 1987). As Employer's medical expert, Dr. Cosgrove was under no obligation to determine whether Claimant recovered from exacerbation of her lumbar degenerative disease because the burden to raise the issue of exacerbation rested with Claimant. Furthermore, while Dr. Lieber, Claimant's physician, testified to the alleged exacerbation of Claimant's pre-existing condition, Dr. Lieber's testimony was previously found by the WCJ to be not as credible as the testimony of Dr. Cosgrove.

The WCJ found Dr. Cosgrove's testimony to be credible, and the testimony did not indicate that Claimant's pre-existing lower back condition was "aggravated" by the January 9, 2014 work injury. As a result, Dr. Cosgrove established that Claimant fully recovered from her work injury and did not

10

experience an exacerbation of a pre-existing condition. Employer presented sufficient evidence in support of the termination petition.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Ciarolla,                    :
                    Petitioner       :
                                     :
        v.                           :   No.  1263 C.D. 2019
                                     :
Workers' Compensation Appeal         :
Board (Astrazeneca                   :
Pharmaceuticals LP),                 :
                    Respondent       :

## O R D E R


   **AND NOW**, this 12th  day of May 2020, the order of the Workers'
Compensation Appeal Board is **AFFIRMED.**


                                   _____
                                   J. ANDREW CROMPTON, Judge