Gloria Lehman, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Temple University Hospital, Respondents.

Argued November 17, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG and MACPHAIL.

*Thomas F. McDevitt,* for petitioner.

*Ronald F. Bove, Swartz, Campbell & Detweiler,* for respondent, Temple University Hospital.

OPINION BY JUDGE BLATT, February 2, 1982:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's order which granted a petition to terminate compensation filed on behalf of Temple University Hospital (employer) by its insurance carrier.

On December 12, 1974, Gloria Lehman (claimant), a thirty-year-old x-ray technician, sustained a compensable work-related injury to her back while lifting a patient and she received compensation benefits thereafter. On August 18, 1975, the employer filed a petition to terminate benefits, asserting that the claimant's disability had ceased on August 2, 1975. At the hearing which followed, the claimant testified that she was unable to return to work because of continued pain in her back and neck and her medical witness, Dr. Raymond Stein, a board-certified orthopedic surgeon who had treated her from April 14, 1976 through

June 20, 1977, testified that her accident had aggravated a pre-existing condition and that, although he could not make a completely positive statement about her problems, he believed her complaints. He further stated that in his opinion she was able to return to work in a job which did not involve repetitive bending, twisting or lifting, or prolonged sitting or standing. The employer's medical witness, Dr. Herbert Stein, a board-certified orthopedic surgeon who had treated the claimant until October 8, 1975, testified that she had sustained an acute lumbosacral strain and that, although she continued to complain of pain, no significant objective indicia of a physical problem were present. On August 2, 1975 he had advised the claimant that she could return to work, which she did for a three week period until she experienced a recurrence of back pain. Then, following an orthpedic examination on October 8, 1975, Dr. Stein had advised the claimant that she was then able to return to work as an x-ray technician. He further testified that a psychological overlay may have exacerbated the claimant's symptoms, but that she was able to resume her employment at the time of her examination.

In a termination proceeding, the employer bears the burden of proving that the claimant's disability has ceased, *Peoples Gas Heating Company v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978), and where, as here, the party with the burden of proof has prevailed below, review by this Court is limited to determining whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

After hearing and considering the evidence, the referee found, *inter alia,* that:

3. It is the specific findings [*sic*] of the Referee, based upon the testimony of Dr. Herbert Stein (who [*sic*] the Referee finds credible) and although the Claimant may have some subjective complaints and was treated on asymthematic [*sic*] basis that she was able to return to work on October 8, 1975. . . .

4. The Referee does not believe the testimony of the Claimant herself and does not believe that someone with her age [*sic*] with subjective and no objective complaints either from Dr. Raymond O. Stein or Dr. Herbert Stein was not able to return to work on the above date. . . .

5. The Referee specifically finds that he does not believe the subjective complaints of the Claimant in this matter and prefers to believe the testimony of Dr. Stein, that there was no objective complaint and therefore no disability as of October 8, 1975.

Where, as here, no additional evidence was taken by the Board, the referee is the ultimate factfinder as to the credibility and weight to be given conflicting evidence, including medical evidence. *City of Scranton, Department of Fire v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 151, 401 A.2d 889 (1979). And the referee, in the exercise of his discretion, may accept or reject the testimony of any witness in whole or part and if the evidence thus accepted is such as a reasonable mind might accept as reasonable to support a conclusion, his findings cannot be disturbed by this Court upon review. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). The referee here, with

great specificity, rejected the claimant's testimony as not worthy of belief and accepted that of the employer's medical witness as credible. Having chosen to believe the testimony of one physician over that of another, he cannot be said to have disregarded competent evidence. *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 420 A.2d 766 (1980). And, in the presence of substantial evidence to support the referee's determination that the claimant was able to return to work on October 8, 1975, this Court will not now disturb his findings. *Deremer v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1981).

We will, therefore, affirm the order of the Board.

ORDER

AND Now, this 2nd day of February, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.