Bethlehem Mines Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Luketich), Respondents.

Argued October 7, 1985, before Judges Doyle and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Carl J. Smith, Jr.,* with him, *Stephen I. Richman, Stephen I. Richman & Partners,* for petitioner.

*John B. McCue, McCue, Bertocchi & Heim,* for respondent, Nick Luketich.

Opinion by Judge Colins, November 8, 1985:

Bethlehem Mines Corporation (employer) has filed a Petition for Review of a decision of the Workmen's Compensation Appeal Board (Board). The Board affirmed a referee's decision granting compensation on the grounds that Nick Luketich (claimant) was permanently and totally disabled by pneumoconiosis, a compensable injury under Section 301(c)(2) of The

Pennsylvania Workmen's Compensation Act (Act).[1]
The employer raises two issues for our consideration:
(1) whether the claimant sufficiently proved that his
disability resulted from pneumoconiosis rather than
his cigarette smoking; and (2) whether the referee's
findings of fact were sufficiently detailed so as to
determine what evidence, if any, he relied upon in
making them.

The record in this case reveals that the claimant
worked for approximately thirty-five (35) years un-
derground in the coal mining industry, having last
been employed on November 23, 1976. In addition to
his work underground, the claimant also smoked cig-
arettes. On October 31, 1979, he filed a petition for
workmen's compensation based on a diagnosis of
pneumoconiosis, a compensable occupational disease.

A workmen's compensation claimant has the bur-
den of proving his right to compensation and all of
the elements necessary to support an award. *Smith v.
Workmen's Compensation Appeal Board*, 63 Pa. Com-
monwealth Ct. 340, 437 A.2d 1301 (1982). Where the
party with the burden of proof prevails before the
referee, as here, this Court's review is limited to a
determination of whether constitutional rights have
been violated, whether an error of law has been com-
mitted, or whether a necessary finding of fact was
unsupported by substantial evidence. *Lehman v.
Workmen's Compensation Appeal Board*, 64 Pa. Com-
monwealth Ct. 381, 439 A.2d 1362 (1982).

The necessary finding of fact in this case is that
the claimant was disabled by pneumoconiosis. In order
to conclude that a disability resulted from an occupa-
tional disease, unequivocal medical evidence must be
presented which establishes that the claimant's dis-
ability resulted from the occupational disease, not

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2).

simply that the disease was present. *Brennan v. Workmen's Compensation Appeal Board (Reading Anthracite Co.)*, 79 Pa. Commonwealth Ct. 217, 468 A.2d 1193 (1983). Medical testimony is unequivocal when it establishes that the claimant's work experience was a cause of this disability and was not just a possible cause of the claimant's condition. *Ryan v. Workmen's Compensation Appeal Board*, 82 Pa. Commonwealth Ct. 643, 477 A.2d 16 (1984). The referee found that the claimant suffered from pneumoconiosis; therefore, in keeping with our scope of review we must determine whether the medical evidence was sufficiently unequivocal so as to constitute substantial evidence.

Macy I. Levine, M.D., the claimant's treating physician, testified as follows:

Q [by claimant's counsel]: Doctor, did you come to any opinion concerning his ability to continue work particularly in the coal mine or any other type of work?

A [by Dr. Levine]: It was my opinion that he was totally and permanently disabled because of the pneumoconiosis due to coal dust. That opinion applied primarily to returning to work in the coal mine, and does not exclude the possibility that he could do some other kind of work in a clean atmosphere in a sedentary position.

On cross-examination Dr. Levine admitted that the claimant's cigarette smoking may have contributed to the disability; however, on re-direct he characterized the exposure to the occupational hazard as "significant," and posited that the combination of both together was worse than either alone.

Dr. Levine's testimony, if accepted as credible by the fact-finder, would sufficiently establish that the

claimant's work experience was a cause of the disability, and would be, therefore, unequivocal. It must be noted that an occupational disease need not be the sole or exclusive cause of the claimant's disability. It is sufficient if the disease materially contributed to the disability, rather than a disability resulting from the natural progress of a pre-existing condition. *Asten Hill Mfg. Co. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 20, 423 A.2d 1135 (1981). Exposure to an occupational hazard which is "significant" in causing a disease certainly materially contributes to the disability.

The petitioner in this case relies on the case of *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983). That case is factually distinguishable, and, therefore, inapposite to the case at hand. *McCloskey* dealt with secondary, or contributory, factors of a disability such that when a disability is not immediately caused by a compensable injury, but a compensable injury is a secondary cause of the disability, and was a substantial factor in bringing about the disability the claimant may be compensated. The instant case is not a case of contributory factors, but rather of dual primary causes of the claimant's disability. Therefore, *McCloskey* is not controlling.

As regards the petitioner's second contention that the referee's findings of fact were not sufficiently detailed so as to determine what evidence, if any, he relied upon in making them, it must be recognized that neither the Act nor the Administrative Agency Law[2] require a referee to make findings more detailed than necessary to support his decision. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal*

---

[2] Section 507 of the Administrative Agency Law, 2 Pa. C. S. §507.

*Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979). Here the referee found that the claimant was disabled due to an occupational disease after examining the medical evidence. This evidence included the testimony of Dr. Levine, wherein the doctor described and detailed his clinical observations of the claimant, including radiological evidence and pulmonary function studies. The necessary inference is that the referee found that the medical evidence showed that the claimant's disability was significantly attributable to an occupational disease. Questions of credibility and weight of the evidence are for the referee to decide. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979). Therefore, the referee's findings are in no way deficient.

Accordingly, we affirm.

ORDER

·AND Now, November 8, 1985, the order of the Workmen's Compensation Appeal Board, No. A-84637, dated July 12, 1984, is affirmed.