507 A.2d 1302

Steve Yanish, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corp.), Respondents.

Argued March 11, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and COLINS, sitting as a panel of three.

*Lawrence R. Chaban, Yablonski, King, Costello & Leckie,* for petitioner.

*William F. Henkel, Ceisler/Richman Law Firm,* for respondent, Bethlehem Mines Corporation.

OPINION BY JUDGE COLINS, April 23, 1986:

Steve Yanish (petitioner) appeals from an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) reversing a referee's decision to award disability benefits. The referee found that petitioner had become permanently disabled as a result of coal worker's pneumoconiosis to the extent that he could no longer work as a motorman in the coal mine because of his total and cumulative exposure to coal dust during forty-one years of employment in the coal mining industry.

Petitioner retired at age sixty-two due to shortness of breath. Pursuant to Section 108 of The Pennsylvania Workmen's Compensation Act, (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1208 and Section 301(c)(2) of the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §411, he filed a claim petition alleging disability from coal worker's pneumoconiosis as of August 13, 1979. Both parties agree that petitioner has pneumoconiosis and that he is totally disabled. The dispute is over what part petitioner's pneumoconiosis played in his disability given that petitioner has a history of cardiac problems dating back to at least 1964 and has been a smoker for a substantial part of his life.

Bethlehem Mines Corporation (respondent) argues that the petitioner has failed to adduce unequivocal testimony that he is disabled within the meaning of the Act from an occupational disease. The petitioner argues that the opinion of Dr. John B. Martin, Jr. is substantial evidence upon which to base an award in this case and, therefore, that the decision of the referee should be reinstated.

The Board's scope of review is limited to a determination of whether an error of law has been committed or whether a necessary finding of fact of the referee was unsupported by substantial evidence. *Rowan v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

The referee, in the exercise of his discretion, may accept or reject the testimony of any witness in whole or in part and if the evidence thus accepted is such as a reasonable mind might accept as reasonable to support a conclusion, his findings cannot be disturbed by this Court or the Board upon review. *Lehman v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982).

In reaching his decision that the coal worker's pneumoconiosis prevented petitioner from performing his last job in the coal mining industry, the referee relied on the testimony of Dr. John B. Martin, Jr. The Board concurred with respondent's argument that the statements made by Dr. Martin on cross-examination prevented, as a matter of law, a finding by the referee that petitioner was disabled due to coal worker's pneumoconiosis. Specifically, Dr. Martin said, "I would say around 40 to 50 percent of whatever problem you can attribute to his pulmonary problem is probably due to the cigarettes."

We must note that this excerpt is only one of a great many statements that Dr. Martin made relating to the cause of petitioner's disability. Dr. Martin testified at length as to the substantial effect he believed petitioner's occupational disease had on his disability. In any event, Dr. Martin's statement on cross-examination, even interpreted in a light most favorable to the respondent, would mean that 50 to 60 percent of the petitioner's problem is due to his exposure to coal dust. All that is necessary is that the occupational disease be a

substantial contributing factor in disabling the petitioner from his coal mining employment. *Kusenko v. Republic Steel Corporation,* 506 Pa. 104, 484 A.2d 374 (1984). Dr. Martin's testimony establishes this. He need not have used magic words such as "materially contributed" or "substantial contributing factor." *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). It is only necessary that the doctor's testimony permit a valid inference that such causation was present. *Id.*

Dr. Martin's statements regarding the effect of cigarette smoking on the petitioner's condition did not render equivocal his opinion that coal worker's pneumoconiosis was a substantial contributing factor in petitioner's disability. The findings of the referee demonstrate that he found Dr. Martin's opinion to be the most credible. Where the Board takes no additional evidence, the referee is the ultimate factfinder and his factual determinations must be accepted when supported by substantial evidence. *Rowan.*

For the aforementioned reasons, the decision of the Board is reversed.

### ORDER

AND NOW, this 23rd day of April, 1986, the order of the Workmen's Compensation Appeal Board, No. A-82356, dated January 13, 1983, is reversed.