545 A.2d 430

James Bell, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Gateway Coal Company), Respondents.

Submitted on briefs May 25, 1988, to President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY, PALLADINO, McGINLEY and SMITH.

*Benjamin L. Costello, Yablonski, Costello & Leckie,* for petitioner.

*Raymond F. Keisling, Will, Keisling, Ganassi & Mc-Closkey,* for respondent, Gateway Coal Company.

OPINION BY JUDGE DOYLE, August 2, 1988:

James Bell, Jr. (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which reversed a referee's decision finding Claimant partially disabled due to a combination of work-related anthracosilicosis and/or coal worker's pneumoconiosis and non-work-related cardiovascular disease.

Claimant was employed in the coal industry from 1937 to October 26, 1979 with his last employment being with the Gateway Coal Company (Employer). Claimant was exposed to coal dust throughout this period. On February 4, 1982, Claimant filed a claim petition for workmen's compensation benefits for partial disability resulting from work-related pneumoconiosis or anthracosilicosis. Claimant submitted two reports from J.D. Silverman, M.D., in support of his claim. Dr. Silverman's first report (February 12, 1982), diagnosed Claimant as suffering from: (1) anthracosilicosis, and (2) history of hypertension, and (3) possible early cirrhosis. The second report (July 31, 1982), diagnosed Claimant as suffering from: (1) anthracosilicosis, and (2) a history of hypertension, and (3) coronary artery disease. Dr. Silverman concluded his second report by stating:

> This patient is totally and permanently disabled from any type of gainful employment on a combined diagnoses of pulmonary and cardiovascular disease with each system making some contribution to his overall disability. His anthracosilicosis has occurred as a result of his total and cumulative exposure to dust in the coal mines over a period of approximately forty years.

The referee held this evidence sufficient to support an award of benefits.

Employer appealed to the Board challenging *solely* the competency of Dr. Silverman's reports. The Board reversed the referee's decision, holding that under our Supreme Court's decision in *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983), Claimant was required to show that his occupational disease (anthracosilicosis and/or pneumoconiosis) was a *"substantial contributing factor"* to his disability. The Board then held Dr. Silverman's reports were not sufficiently unequivocal to satisfy this standard and were, thus, incompetent to support the award.

Claimant appealed, and this case was initially argued to a panel of this Court on March 22, 1988. Subsequently, we ordered that the case be submitted on briefs to the Court *en banc* to resolve an apparent conflict in our precedents.[1]

Two major questions are presented by this case: (1) whether the *McCloskey* "substantial contributing factor" causation test is applicable to disability as well as death cases, and (2) if the *McCloskey* causation standard is applicable to disability cases, is it the same standard of causation as is currently applied in disability cases generally where the disability is attributable to both work and non-work-related causes. We answer both questions in the affirmative.

In the seminal case of *McCloskey,* 501 Pa. 93, 460 A.2d 237 (1983), the claimant died of a heart attack, but work-related silicosis was alleged as a secondary cause of death. In announcing the proper standard for such cases, a plurality of our Supreme Court stated its holding as follows:

---

[1] This case was submitted on briefs to the court *en banc* on May 25, 1988.

[W]e hold today that where there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial contributing factor among the secondary causes in bringing about death. Proving merely, as appellant contends, that the disease was or may have been a contributing factor is inadequate.

*Id.* at 101, 460 A.2d at 241. The court further stated that the "substantial contributing factor" causation test is one based upon an analysis of the occupational disease's contribution to the fatality. *Id.* at 100, 460 A.2d at 240. A majority of our Supreme Court reaffirmed *McCloskey's* holding in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).[2]

We have considered upon three occasions the question of whether the "substantial contributing factor" causation test should be applied to occupational disease cases where the claimant's disability was due to both compensable and non-compensable causes. In *Bethlehem Mines Corp. v. Workmen's Compensation Appeal*

---

[2] *McCloskey* overruled our decision in *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), which allowed the granting of benefits in death cases only where the death was immediately caused by an occupational disease. *Consolidation Coal* precluded the award of benefits where the occupational disease contributed with other factors to cause death.

*Kusenko* overruled this Court's decision in *Evon v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982), where we held that all a claimant was required to show in order to recover benefits was that there was a causal relationship between the occupational disease and the death or disability.

*Board (Luketich),* 92 Pa. Commonwealth Ct. 605, 500 A.2d 501 (1985) the claimant's disability was due to a combination of pneumoconiosis and his cigarette smoking. He was awarded benefits by the compensation authorities. In affirming the grant of benefits, we held employer's reliance on *McCloskey* to be erroneous by stating:

> That case is factually distinguishable, and, therefore, inapposite to the case at hand. McCloskey dealt with secondary, or contributory, factors of a disability such that when a disability is not immediately caused by a compensable injury, but a compensable injury is a secondary cause of the disability, and was a substantial factor in bringing about the disability the claimant may be compensated. The instant case is not a case of contributory factors, but rather of dual primary causes of the claimant's disability.

*Id.* at 609, 500 A.2d at 503. We further stated in *Bethlehem Mines* that when a workmen's compensation claimant suffers a disability due to an occupational disease and non-compensable causes, the claimant only has to show that the occupational disease "materially contributed" to the disability. *Id.* at 609, 500 A.2d at 503 (citing *Asten Hill Manufacturing Co. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 20, 423 A.2d 1135 (1981)). *See also Miller v. Workmen's Compensation Appeal Board (Pocono Hospital),* 114 Pa. Commonwealth Ct. 405, 539 A.2d 18 (1988); *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke),* 114 Pa. Commonwealth Ct. 191, 538 A.2d 617 (1988); *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.),* 98 Pa. Commonwealth Ct. 327, 511 A.2d 905 (1986). It should be noted, however, that in *Bethlehem Mines* we did not explicitly pass upon the issue of whether the "substan-

tial contributing factor" causation test was the same as the "materially contributed to" causation test.

In *Yanish v. Workmen's Compensation Appeal Board, (Bethlehem Mines Corp.)*, 96 Pa. Commonwealth Ct. 545, 507 A.2d 1302 (1986), another case involving dual primary causes, between forty and fifty percent of the claimant's disability was due to his cigarette smoking while the rest was attributable to work-related pneumoconiosis. We held in *Yanish* the fact that a disability is caused by both work and non-work related causes does not preclude an award of benefits or necessarily make medical testimony equivocal. Instead, the court noted that "[a]ll that is necessary is that the occupational disease be a substantial contributing factor in disabling the petitioner from his coal mining employment." *Id.* at 547-48, 507 A.2d at 1303 (citing *Kusenko*). More importantly, however, the court implicitly compared the "substantial contributing factor" causation test to the "materially contributed to" causation test. We stated there that a medical witness:

> [N]eed not have used magic words such as 'materially contributed' or 'substantial contributing factor'. . . . It is only necessary that the doctor's testimony permit a valid inference that such causation was present.

*Id.* at 548, 507 A.2d at 1303-04 (citations omitted). It is clear that the Court in *Yanish* did not consider the "materially contributed" test and the "substantial contributing factor" test to involve different standards of causation. *See also Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa. Commonwealth Ct. 382, 539 A.2d 11 (1988).

In *Koppers Co., Inc. v. Workmen's Compensation Appeal Board (Boyle)*, 113 Pa. Commonwealth Ct. 161, 536 A.2d 509 (1988), the claimant suffered a disability due to work-related silicosis and asbestosis. We indicat-

ed there, again in a situation involving dual primary causes, that the *McCloskey* "substantial contributing factor" causation rule is only applicable in *death* cases where the immediate cause of death is non-compensable, but some of the secondary causes of death are compensable.

We hold today that *McCloskey's* "substantial contributing factor" causation test may be applied to disability cases where the disability is caused to both work-related and non-work-related causes. In so holding we overrule *Koppers* and *Bethlehem Mines* insofar as they held to the contrary. We overrule this precedent because we believe that whether the occupational disease was a "substantial contributing factor" or whether it "materially contributed" to the disability or death, the necessary quantum of causation required to sustain an award of benefits is the same. Any difference between the two standards is merely one of semantics.

Turning to the case before us, we hold that the Board correctly found that Claimant's medical evidence was equivocal. Whether a Claimant's medical evidence is sufficiently unequivocal so as to support an award of benefits is a question of law, not of fact. *Lewis v. Workmen's Compensation Appeal Board*, 508 Pa. 360, 498 A.2d 800 (1985); *Heath v. Workmen's Compensation Appeal Board (Agway, Inc.)*, 100 Pa. Commonwealth Ct. 524, 514 A.2d 1021 (1986). Dr. Silverman's opinion as to the causation of Claimant's disability was that "[t]his patient is totally and permanently disabled from any type of gainful employment on a combined diagnoses of pulmonary and cardiovascular disease with each system making *some* contribution to his overall disability." Neither this opinion nor Dr. Silverman's reports, however, stated what percentage of Claimant's disability was due to Claimant's occupational disease nor indicated that the disease had played a substantial or material

part in bringing about his disability.[3] At best, all Dr. Silverman's reports indicate are that the occupational disease contributed to Claimant's disability, a type of testimony our Supreme Court has indicated is equivocal. *Kusenko*. We, therefore, affirm the Board for the reasons stated above.[4]

## ORDER

Now, August 2, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[3] We are aware that *Koppers Co., Inc. v. Workmen's Compensation Appeal Board (Boyle)*, 113 Pa. Commonwealth Ct. 161, 536 A.2d 509 (1988) held that no assignment of percentages or degree of causation is necessary. That statement, however, must be read in the context of that case which involved not a claimant's entitlement to benefits, but a question as to which employer was liable. We stated that where the right to entitlement is established and the percentage of disability as between various insidious occupational diseases cannot be medically calculated, we would not permit the last employer to escape liability where it is clear that some exposure occurred during the claimant's tenure with it. Moreover, *Koppers* is not a dual primary cause case, contrary to the assertion in the opinion. Rather, it is a case where an underlying occupational disease (asbestosis) is aggravated or accelerated by another occupational disease (silicosis).

[4] At oral argument of this case, both parties agreed that the Board had erred in utilizing the *McCloskey* standard in this case based on their reliance on *Koppers*. Given our ruling today, however, we find that the Board decided this case on the correct basis. Therefore, we need not invoke the rule where we may affirm an administrative agency's decision where the result is correct, although the reasoning is erroneous, where the correct basis of decision is clear on the record. *See Bayush v. Workmen's Compensation Appeal Board (Conemaugh Township)*, 111 Pa. Commonwealth Ct. 617, 534 A.2d 853 (1987).