569 A.2d 384

**C & K COAL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(CRISSMAN), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 1989.

Decided Jan. 25, 1990.

2

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for petitioner.

No appearance for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

C & K Coal Company (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board

(Board) which affirmed the referee's decision awarding Frank G. Crissman (Claimant) temporary total disability compensation benefits for coal worker's pneumoconiosis pursuant to Section 108(q) of The Pennsylvania Workmen's Compensation Act[1] (Act). The sole issue, as stated by Employer, is whether a physician who finds that a claimant is totally disabled from two causes entitles the referee to infer that the claimant is partially disabled from coal worker's pneumoconiosis. We affirm.

After hearing, the referee made the following relevant findings of fact:

4. That the claimant was employed in the bituminous mining industry by various firms from 1948 to 1984, incl. Claimant was exposed to coal dust continuously during that period.

5. That claimant was last employed in the coal mining industry in Penna. by the defendant from 1974 to his retirement on December 28, 1984. . . .

6. That the claimant testified that his 36 years in the bituminous coal industry were spent working on strip mining operations as a truck driver, operator and mechanic, jobs which exposed him to coal dust on a continuous basis as he climbed on booms, equipment and trucks while repairing them.

. . . .

8. That the claimant testified he has been short of breath since the early 1970's and cannot perform moderate levels of exercise without discomfort and difficulty in breathing. Claimant admitted to smoking 1 to 2 packs of cigarettes per day for the last 42 years.

9. That claimant presented, by deposition, the testimony of M.I. Levine, M.D., a Board Certified internist, who examined claimant on March 29, 1985 and April 19, 1985. Dr. Levine testified that it was his medical opinion that the claimant suffered coal worker's pneumoconioisis [sic]

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. § 27.1(q).

which rendered him totally disabled and incapable of performing his prior duties. This diagnosis was based in part upon pulmonary function test results showing below normal values indicative of mild, obstructive lung disease. Furthermore, chest x-rays taken and read by Dr. Levine (who admitted to being neither an A or B reader) were indicative of pneumoconiosis, 1/1, type p, in six zones. Also, an exercise test indicated claimant's respiration rate increased to abnormal levels while exercising. Dr. Levine did admit that claimant's smoking did contribute to his condition to an unascertainable amount.

. . . .

11. That your Referee finds the testimony presented by the claimant, specifically that of Dr. Levine, to be more credible in determining that the claimant suffers coal worker's pneumoconiosis.

12. That your Referee finds that the evidence presented establishes as fact that the claimant's pneumoconiosis has rendered him incapable of performing his prior job with the defendant, and further, claimant's pneumoconiosis has caused a mild airway obstruction which partially disabled the claimant.

13. That your Referee finds that the defendant has not made available to the claimant any light duty type work which would be within his physical capabilities.

Findings of Fact Nos. 4–6, 8–9, 11–13. Based thereon, the referee concluded, *inter alia:*

2. That the claimant has met his burden of proof in showing he incurred an occupational disease, pneumoconiosis, while in the defendant's employ.

3. That the claimant has met his burden of proof in showing that said occupational disease has rendered him partially disabled and that defendant did not make any other work available to him, thus making claimant eligible for temporary total disability compensation.

Conclusion of Law Nos. 2–3.

On review[2], Employer first contends that the referee improperly made medical determinations unsupported by testimony of record. In support, Employer points out that Dr. Levine's testimony fails to establish that Claimant could not perform his former employment *solely* as a result of his coal worker's pneumoconiosis and that the referee, although accepting as credible Dr. Levine's testimony in establishing that Claimant suffered coal worker's pneumoconiosis, made no specific finding as to credibility on the issue of disability.

In response to Employer's first point of contention, it is not now, nor has it ever been, necessary for claimants who seek compensation for disabilities resulting from work-related occupational diseases to establish that they cannot perform their former employment *solely* as a result of their occupational disease. "All that is necessary is that the occupational disease be a substantial contributing factor in disabling the [Claimant] from his coal mining employment." *Yanish v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 96 Pa.Commonwealth Ct. 545, 547–48, 507 A.2d 1302, 1303 (1986).[3]

Moreover, although the referee did not make a specific finding as to credibility on the issue of disability, it is clear from a review of Findings of Fact Nos. 9 and 12 that

2. Our scope of review is limited to determining whether an error of law was committed, any necessary findings were not supported by substantial evidence, or Claimant's constitutional rights were violated. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 592 n. 4, 562 A.2d 437, 439 n. 4 (1989).

3. Although hereafter we justify the award in this case on the "substantial contributing factor" standard established in death cases, *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984) and *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), and applied in *Yanish*, we note that the referee could have found that all of Claimant's disability was due to the pneumoconiosis pursuant to Finding of Fact No. 9, quoted above, and did apparently find that *all of his disability, although partial,* was due to the compensable disease as indicated by Findings of Fact Nos. 9 and 12 and Conclusion of Law No. 3. It follows that it was certainly not necessary to consider if the disease was merely a *factor,* substantial and contributing, or otherwise due in any degree to a competing, noncompensable cause.

the referee is relying in part upon Dr. Levine's testimony with respect to the issue of disability. Finding of Fact No. 9 states, *inter alia,* that "Dr. Levine testified that it was his medical opinion that the claimant suffered coal worker's pneumoconiosis [sic] which rendered him totally disabled and incapable of performing his prior duties" and that "[t]his diagnosis was based in part upon pulmonary function test results showing below normal values indicative of mild, obstructive lung disease." In Finding of Fact No. 12, the referee found that "the evidence presented establishes as fact that the claimant's pneumoconiosis has rendered him incapable of performing his prior job with the defendant, and further, claimant's pneumoconiosis has caused a mild airway obstruction which partially disabled [4] the claimant." (Footnote added.) Although Dr. Levine testified that Claimant suffered pneumoconiosis which rendered him totally disabled, the referee was not precluded from finding partial disability since, as ultimate factfinder, she was free to accept all, *some* or none of Dr. Levine's testimony. *Hulse v. Workmen's Compensation Appeal Board (Louis Fiegleman & Co.),* 71 Pa.Commonwealth Ct. 28, 453 A.2d 1081 (1983).

■ Accordingly, we do not find that the referee's failure to make a specific finding as to credibility on the issue of disability or her finding of partial disability requires us to remand or take any other remedial action. In any event, Employer has not requested any remedial action other than that we reverse the Board's order.

■ Employer's final contention is that Dr. Levine's testimony is equivocal [5] and thus not competent evidence upon which to support a finding of partial disability. Employer

4. It should be noted that, although the referee found Claimant's pneumoconiosis to be only partially disabling, the award of temporary total disability compensation was based upon Employer's failure to present evidence of the availability of work which Claimant could perform.

5. Whether medical evidence is equivocal or unequivocal is a question of law fully reviewable by this Court. *Lewis v. Workmen's Compensation Appeal Board,* 508 Pa. 360, 498 A.2d 800 (1985).

relies upon our decision in *Bell v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 118 Pa.Commonwealth Ct. 320, 545 A.2d 430 (1988).

In *Bell*, the claimant challenged the Board's reversal of a referee's decision finding the claimant partially disabled due to a combination of work-related anthracosilicosis and/or coal worker's pneumoconiosis and non-work-related cardiovascular disease. The referee's finding was based upon the testimony of the claimant's physician who concluded that the claimant was "totally and permanently disabled from any type of gainful employment on a combined diagnoses of pulmonary and cardiovascular disease with each system making *some* contribution to his overall disability." *Id.*, 118 Pa.Commonwealth Ct. at 321, 545 A.2d at 431 (emphasis added).

We concluded in *Bell* that the seminal case, *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), governed disability as well as death cases and held that the Board correctly found the claimant's medical evidence to be equivocal since it failed to establish whether the claimant's occupational disease was a substantial contributing factor in bringing about his disability as required by *McCloskey*, wherein the Pennsylvania Supreme Court held that:

> where there are multiple causes of death and the immediate cause was non-compensable, the requirements of § 301(c)(2) [6] may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death. Proving merely, ... that the disease was or may have been a contributing factor is inadequate. (Footnote added.)

6. Section 301(c)(2) of the Act, *as amended*, 77 P.S. § 411(2), provides in pertinent part that "[t]he terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, *occupational disease as defined in section 108 of this act* ..." (Emphasis added.)

*Id.,* 501 Pa. at 101, 460 A.2d at 241.[7]

In the case *sub judice,* although Dr. Levine testified on cross-examination that Claimant's cigarette smoking significantly contributed to his shortness of breath and that it was "impossible to assess any proportion of his symptoms and disability to cigarette smoke versus the coal dust", the referee, as reflected in Finding of Fact No. 9, adopted only that portion of Dr. Levine's testimony which admitted that Claimant's cigarette smoking contributed to his condition to an unascertainable amount. As previously noted, the referee was free to accept only some portions of the medical testimony. *Hulse.* In any event, Dr. Levine also unequivocally testified on direct examination as follows:

Q   Could you tell us what you discovered—if you performed a pulmonary function study what you discovered?

A   He had a pulmonary function study on March 8, 1985 that showed mild decreases in the flow rates, peak flow, FEF 25–75, MVV and vital capacity, changes suggesting obstructive airway disease.

. . . .

Q   Now in the process or procedure of examining him, did you have any chest x-rays made of this gentleman?

A   Yes, he had a chest x-ray on March 8, 1985 that showed nodular densities throughout both lung fields, compatible with pneumoconiosis, ...

. . . .

Q   Now in addition to the x-rays and pulmonary function study, did you perform any other functions?

7.   We question whether the "substantial contributing factor" standard announced in *McCloskey* governs disability cases, where, as here, the immediate cause of disability is compensable and is not simply a secondary cause in bringing about the disability. However, we need not now specifically address this issue in order to resolve the matter presently on review.

A   Yes, I performed a physical examination and an exercise tolerance test.

. . . .

A   The exercise tolerance test, which is a mild degree of exercise, disclosed an increase in respiratory rate from 20 at rest to 32 at the end of the exercise, which consisted of walking over a one step stool 20 times.... But this increase in rate to 32 is abnormal in that normal persons of his age and weight do not have this degree of increase in respiratory rate with this activity.

. . . .

Q   Upon completing your examination of Frank Crissman on April the 19th, 1985, what was your determination of this man?

A   My diagnoses were pneumoconiosis due to coal dust, and possible mild chronic bronchitis.

Q   *Do you feel that his* condition, his *pneumoconiosis condition, would make this claimant an individual who would be totally and permanently disabled?*

. . . .

A   *It is my opinion that he is totally and permanently disabled because of his pneumoconiosis.*

Dr. Levine's October 30, 1985 Deposition, pp. 8–12, 17 (emphasis added).

Dr. Levine was not required to use the phrase "substantial contributing factor" so as to support the referee's award here. *Yanish.* "It is only necessary that the doctor's testimony permit a valid inference that such causation was present." *Id.*, 96 Pa.Commonwealth Ct. at 548, 507 A.2d at 1303–04.

Quite clearly, Dr. Levine believed that Claimant's pneumoconiosis was sufficiently substantial to cause total and permanent disability and thus supports a valid inference by the referee that Claimant's pneumoconiosis was a substan-

tial contributing factor in bringing about his disability. Accordingly, we find *Bell* factually distinguishable from the case at bar and therefore not dispositive.

Moreover, Dr. Levine's statements that Claimant's cigarette smoking also contributed to Claimant's shortness of breath do not render equivocal his opinion that coal worker's pneumoconiosis was a substantial contributing factor in Claimant's disability. In *Yanish*, the medical testimony relied upon by the referee indicated that both the claimant's occupational disease and his cigarette smoking were substantial contributing factors in bringing about the claimant's disability. We nonetheless concluded that the physician's statements regarding the effect of cigarette smoking on the claimant's condition did not render equivocal his opinion that coal worker's pneumoconiosis was a substantial contributing factor in causing the claimant's disability.

Where, as here, the Board takes no additional evidence, the referee's factual determinations will not be disturbed on review when supported by substantial competent evidence. *Yanish.* Because we find the referee's findings so supported and no error of law committed, the Board's order affirming the referee's decision is likewise affirmed.

### ORDER

AND NOW, this 25th day of January, 1990, the order of the Workmen's Compensation Appeal Board is affirmed.