139 Pa. Commonwealth Ct. 310 (1991)
590 A.2d 819
GENERAL ELECTRIC CORPORATION, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (KOSINSKI), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs February 22, 1991.
Decided April 24, 1991.
*311 John B. Alessandroni, Swartz, Campbell & Detweiler, Philadelphia, for petitioner.
Louis Cambria, Feinberg & Silva, Philadelphia, for respondent.
Before DOYLE and BYER, JJ., and BARRY, Senior Judge.
DOYLE, Judge.
This is an appeal by General Electric Corp. (G.E.) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to award benefits to Stanley Kosinski (Claimant) for an occupational disease as defined under Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 27.1(n).[1]
The referee found that Claimant had spent thirty years of his life, from 1952 to 1982, as an employee of G.E., and the majority of that time was spent as an arc welder. Previous to that, he had been a coal miner.[2] During his time as a miner and as an arc welder, he was subjected to fumes and *312 dust. The referee found, based on the testimony of Dr. S.F. Travaria, that "the claimant suffers from pneumoconiosis as a result of his work in the coal mining industry and his employment as a welder." (Referee's Finding of Fact No. 12.) The referee also found that the "pneumoconiosis was causally related to his employment with [G.E.]." (Referee's Finding of Fact No. 16). Accordingly, he granted benefits. The Board affirmed the referee's decision and G.E. appealed to this Court.
On appeal, G.E. contends that the referee erred as a matter of law in failing to apply the "substantial contributing factor test" to the issue of causation. We disagree.
The substantial contributing factor test is irrelevant to the case at hand because it is reserved for instances where the disability is caused by both work-related and non-work-related causes. In that type of case the claimant must prove that the occupational disease is a substantial contributing factor to his disability. McCloskey v. Workmen's Compensation Appeal Board, 501 Pa. 93, 460 A.2d 237 (1983). Although earlier cases by this Court held that this test should be applied only in cases where the disability resulted in death, see, e.g., Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Luketich), 92 Pa.Commonwealth Ct. 605, 500 A.2d 501 (1985) and Koppers Co., Inc. v. Workmen's Compensation Appeal Board (Boyle), 113 Pa.Commonwealth Ct. 161, 536 A.2d 509 (1988), we have since applied the test to disability cases in general where the disability is caused by both work-related and non-work-related causes. Bell v. Workmen's Compensation Appeal Board (Gateway Coal Co.), 118 Pa.Commonwealth Ct. 320, 545 A.2d 430 (1988). Neither the Supreme Court in McCloskey, nor this Court in Bell, however, held that the test is to be applied in cases where the disability is caused by two work-related exposures, each with a different employer. And we decline to so hold now.
In affirming the referee, the Board used the above reasoning, refusing to extend McCloskey, and was correct *313 on this point. The Board then went on to assign liability to G.E. based on the premise that G.E. was Claimant's last employer. We agree that G.E. alone is liable, not only because G.E. was the last employer but because G.E. was the only employer since 1973.
Section 301(c)(2) states that coverage applies only with respect to the disease or disability of an employee "which results in whole or part from employee's exposure to the hazard of occupational disease after June 30, 1973."[3] After 1973, Claimant was exposed to fumes and dust only in the plant owned by G.E. While it is true that Claimant's disability arose in part from exposure to the hazard of coal dust in his mining occupation, he was not so exposed after June 30, 1973, and therefore the requirements of Section 301(c)(2) have not been met with regard to his previous employers in the coal mining industry, and an award on this basis would be improper.
This Court reviewed a very similar situation in Industrial Services Contracting, Inc. v. Wilson, 28 Pa.Commonwealth Ct. 83, 367 A.2d 377 (1977) (ISC). In ISC the claimant had spent the vast majority of his 38 years of employment working as an arc welder. He had been employed as a coal miner but those jobs were prior to 1954. In October of 1974, ISC was advised that the claimant was totally and permanently disabled as a result of exposure to the hazard of arc welder's pneumoconiosis. ISC argued that the claimant's disability was attributable both to anthraco-silicosis and to arc welder's pneumoconiosis. We held that an award for anthraco-silicosis was not possible because the claimant's exposure in the coal mining industry had been prior to June 30, 1973, and therefore the requirements of Section 301(c)(2) had not been met; an award for exposure to the *314 hazard of arc welder's pneumoconiosis was sustainable, and we wrote:
The instant award may be sustained solely on the basis of claimant's exposure to the hazard of arc welder's pneumoconiosis. Simply stated, ISC is solely liable for claimant's total disability because it subjected him to a hazard which contributed to that disability. Such a statement takes into account the current state of medical science, which cannot apportion an insidious disease such as pneumoconiosis among its several causative factors, and liberal interpretation due statutes such as the Compensation Act which are remedial in nature.
Industrial Services Contracting, 28 Pa.Commonwealth Ct. at 89, 367 A.2d at 380-81.
Accordingly, we affirm the order of the Board.

ORDER
NOW, April 24, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1031. Section 108(n) was added to the Act by Section 1 of the Act of October 17, 1972, P.L. 930.
[2] The referee made no findings as to by whom Claimant had been employed as a coal miner.
[3] Section 301(c)(2) of the Act, 77 P.S. § 411(2), was an amendment which broadened the definition of the term "injury" to include certain occupational diseases. These diseases are enumerated in Section 108 of the Act. Section 108(n) is an omnibus provision which allows for the inclusion of any occupational disease which, although not specifically listed elsewhere, meets certain criteria. It is under Section 108(n) that Claimant filed.