613 A.2d 658

**SONGER INC. and Commerce and Industry Insurance Company, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (LYNN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 10, 1991.

Decided Aug. 6, 1992.

James A. Wood, for petitioner.

James W. McTierman, for respondent Lynn.

Mark Gordon and Paul J. Crooks, for respondent/intervenor, J. Regis Wilk, Inc.

James S. Ehrman and Edward A. Schenck, for respondent/intervenor, Pneumatic Concrete Corp.

Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.

LEDERER, Senior Judge.

Songer, Inc. (Songer) appeals from the order of the Workmen's Compensation Appeal Board (Board) affirming in part and reversing in part a decision by a referee which found that Eugene K. Lynn, at one time a Songer employee, had become

permanently disabled from mixed-dust pneumoconiosis. The Board affirmed the referee's finding that Lynn is disabled from mixed-dust pneumoconiosis, but reversed the referee's conclusion that Pneumatic Concrete Corporation (Pneumatic) is the employer liable for providing Lynn compensation benefits under The Pennsylvania Workmen's Compensation Act (Act)[1], finding instead that Songer is the liable party.[2]

Lynn filed two claim petitions under the Act against Songer and Pneumatic on March 23, 1987 alleging that he had been disabled since February 19, 1987 because of a mixed-dust pneumoconiosis. Lynn alleged that he contracted this condition from his continuous exposure to dusts and particulate matter, including asbestos and silica, while employed by Songer and Pneumatic as an industrial bricklayer. Other employers of Lynn were joined to the proceedings and later dismissed.

Hearings on the petitions were held before the referee on several dates in 1987 and 1988. On June 1, 1989, the referee rendered her decision, which included the following relevant findings of fact:

4. The Claimant [Lynn] testified at hearings held on May 19, 1987 and September 29, 1987. He testified that he had been employed as a bricklayer for approximately 38 years from 1949 until February, 1986. He last worked as a bricklayer in mid-February, 1986 and was employed at that time by defendant, Songer, Inc. Both claimant's testimony and competent and credible records identified and introduced by claimant and the defendants established that during the 300 week period prior to mid-February, 1986, the claimant was employed by Koppers Company, Inc., Pneumatic Concrete Corporation and Songer, Inc. and that his greatest period of employment was with Pneumatic Concrete Corporation.

5. During his employment as a bricklayer, the claimant testified that he was primarily employed in the industrial setting laying firebrick and silica brick in industrial fur-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.
2. This case was reassigned to the authoring judge on April 28, 1992.

naces, stoves, ovens, open heart[h]s and blast furnaces in various steel, glass, and chemical mills. During his employment as a bricklayer, the claimant was exposed to the occupational hazards of airborne dusts, gases and fumes, including silica and asbestos dusts from the operation and activities at his place of work.

6. The claimant offered the testimony of Dr. David Laman, a board certified physician in internal medicine and pulmonary disease....

Based on the history, examination, pulmonary function studies and x-rays which were performed, it was the opinion of Dr. Laman that the claimant is suffering from a mixed dust pneumoconiosis related to his exposure of [sic] silica and asbestos during his employment. It was also the doctor[']s opinion that the claimant suffered from chronic obstructive lung disease, hypertension and chronic industrial bronchitis. Dr. Laman was of the opinion that a port [sic] of Mr. Lynn's small airways obstruction and a portion of his chronic bronchitis were the result of his occupational exposures over the course of the years. He was also of the opinion that the small airways disease and chronic bronchitis were substantially contributed to the claimant's work exposures to asbestos and silica dust. It was further the opinion of Dr. Laman that the claimant's mixed dust pneumoconiosis renders him disabled from working as an industrial bricklayer....

Referee's decision, pp. 5–6.

The referee accepted as credible the testimony of Dr. Laman, and pursuant to that testimony concluded that Lynn's disability was caused by an occupational disease within the meaning of Section 108(n) of the Act, 77 P.S. § 27.1(n). The referee further determined that Pneumatic was the employer liable for the compensation benefits due Lynn because it employed Lynn during the longest period of exposure in the three-hundred-week period immediately preceding the date of disability.

Pneumatic and Songer both appealed to the Board. Pneumatic argued that because Lynn's disability was caused by an

occupational disease falling within Section 108(n), Lynn's last employer, Songer, is the party responsible for providing the compensation benefits. Songer argued, in turn, that the referee erred in finding that Lynn suffered from mixed-dust pneumoconiosis when Dr. Laman's testimony indicated the presence of silicosis and asbestosis. A diagnosis of either silicosis or asbestosis as the occupational disease suffered by Lynn would, Songer argued, establish Pneumatic as the liable employer under relevant provisions of the Act. The Board agreed with Pneumatic and entered its order accordingly.

In this appeal, Songer argues (1) that the Board erred by finding that Lynn is disabled from mixed-dust pneumoconiosis, a non-specific disease process under Section 108(n) of the Act, instead of finding that Lynn is disabled from silicosis and asbestosis, specific disease processes under Sections 108(k) and (1) of the Act; and (2) that Pneumatic had no standing to petition the Board requesting a transfer of liability from Pneumatic to Songer.

■ These issues concern themselves solely with the issue of which employer is liable for providing compensation benefits in this case. There is no dispute by the parties that Lynn is disabled from an occupational disease as defined under Section 108 of the Act. The question is simply which subsection of Section 108 applies.[3]

Section 108 provides in relevant part:

The term "occupational disease," as used in this act, shall mean only the following diseases.

. . . .

(k) Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide.

---

**3.** This court's scope of review, where, as here, both parties presented evidence, is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991).

(*l*) Asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure.

. . . .

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. . . .

77 P.S. § 27.1(k), (*l*), and (n).[4]

The significance of whether the occupational disease is found under one or another subsection of Section 108 is evident, in the case of multiple employers, from the following relevant provisions of Section 301(c)(2) of the Act:

The employer liable for compensation provided by . . . section 108, subsections (k), (*l*), (m), (o), (p) or (q), shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

77 P.S. § 411(2) (footnotes omitted).

■■■ In the event the occupational disease is found under a subsection of Section 108 not specifically listed in the above provision of Section 301(c)(2), the "last injurious exposure" rule governs. *Adams Steel Erection, Inc. v. Workmen's Compensation Appeal Board (Klavonick)*, 117 Pa.Commonwealth Ct. 290, 543 A.2d 241 (1988). Under this rule, when an employee becomes disabled or dies from an occupational haz-

---

**4.** Section 108(n) provides that a claimant must satisfy requirements not found in the other subsections of Section 108 in order to establish a claim for disability because of an occupational disease. *See Freuhauf Corp., Independent Metal Division v. Workmen's Compensation Appeal Board*, 31 Pa.Commonwealth Ct. 341, 376 A.2d 277 (1977). No party disputes that Lynn satisfied these requirements.

ard attributable to successive exposures during his or her employment, the employer liable will be the last employer responsible for exposure to the hazard. *Id.*

Because the Board found that Lynn's claim was established under Section 108(n), it placed liability upon the last employer responsible for exposing Lynn to the occupational hazards, *i.e.*, Songer. Pneumatic is the employer providing the longest period of employment in which Lynn was exposed to the relevant occupational hazards during the three-hundred-week period prior to Lynn's disability, and hence would be the employer liable if the occupational disease was determined to be either silicosis (Section 108(k)) or asbestosis (Section 108(1)).

Songer argues that the true occupational diseases suffered by Lynn, for purposes of establishing liability under the Act, are silicosis and asbestosis because Dr. Laman's diagnosis of mixed-dust pneumoconiosis is grounded upon the presence of both diseases. Specifically, Songer cites to the following testimony:

Q. You diagnosed a mixed-dust pneumoconiosis in Mr. Lynn; is that correct?

A. Yes.

Q. The mixed-dust pneumoconiosis which you diagnosed, was it caused by his exposure to asbestos and silica?

A. Yes.

Q. Does he really have, in your opinion, both a the [sic] disease processes of silicosis and asbestosis?

A. Well, I think that he has both disease processes. I can't tell you to what extent he has one or the other. He has opacities that can be due to either. He has pleural disease. This is due to asbestos exposure and the CT scan confirms bilateral pleural thickening. I can't tell you to what extent asbestosis is present versus what extent silicosis is present.

Q. However, in your diagnosis of mixed-dust pneumoconiosis, are you referring to mixture or a combination of two diseases, asbestosis and silicosis?

A. Yes. Since those are really the only two substances to which I had knowledge that he was exposed to and to which he described exposure.

N.T., Dr. Laman's Deposition, pp. 52–53.

In other parts of his deposition, Dr. Laman referred to Lynn's silicosis (*Id.* at 18–19) and his silicosis and asbestosis (*Id.* at 51). Accordingly, Songer argues that although Dr. Laman diagnosed a mixed-dust pneumoconiosis, that diagnosis is really a combination of the specific diseases of silicosis and asbestosis.[5]

In *Koppers Co. v. Workmen's Compensation Appeal Board (Boyle)*, 113 Pa.Commonwealth Ct. 161, 536 A.2d 509 (1988), *overruled on other grounds, Bell v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 118 Pa.Commonwealth Ct. 320, 545 A.2d 430 (1988), where this court was presented with the converse of the case *sub judice*, the appellant-employer argued that where the medical evidence indicated the presence of both silicosis and asbestosis as the cause of the claimant's occupational disease, the claimant's disease should be characterized as mixed-dust pneumoconiosis and therefore compensated under Section 108(n). This court rejected the employer-appellant's argument on the grounds that no diagnosis of mixed-dust pneumoconiosis appeared in the record and that "it appears clearly that Claimant did not suffer ... from a mixture of undefined dusts" but from at least two diseases specified in Section 108, silicosis and asbestosis. *Id.* 113 Pa.Commonwealth Ct. at 165, 536 A.2d at 511.

This court's examination of Sections 108 and 301(c) of the Act compels the conclusion that the rationale in *Koppers* applies to the present appeal even though, as a distinguishing factor, there was a diagnosis of mixed-dust pneumoconiosis in this case. Dr. Laman's testimony demonstrates that, while perhaps other industrial dusts were inhaled by Lynn, the principal causes of Lynn's occupational disease are silicosis

---

5. This court has had occasion to recognize that silicosis is but a specific form of pneumoconiosis. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 66 Pa.Commonwealth Ct. 404, 444 A.2d 1313 (1982).

and asbestosis. Because the legislature specifically identified the employer liable for compensation benefits when either of these diseases causes a worker's disability or death, there is no reason to circumvent that legislative scheme when both diseases are principally present in combination.

Further, this court has noted that Section 108(n) is concerned with "unspecified diseases." *Adams Steel*, 117 Pa.Commonwealth Ct. at 299, 543 A.2d at 245. Although mixed-dust pneumoconiosis is not specified as an occupational disease in Section 108, the components of the mixed-dust pneumoconiosis in this case are sufficiently identified for purposes of the legislative plan established by Sections 108 and 301(c). *See also Bethlehem Mines* (although claimant was diagnosed as having pneumoconiosis, claimant's occupational history supported the finding that claimant suffered from the occupational disease of silicosis).

Pneumatic, the employer exposing Lynn to the hazards of asbestos and silica for the longest period of time in the three-hundred-week period prior to Lynn's disability, is therefore liable for providing Lynn's compensation benefits and costs pursuant to Section 301(c)(2) of the Act. An appropriate order shall be accordingly entered.[6]

## ORDER

AND NOW, this 6th day of August, 1992, the order of the Workmen's Compensation Appeal Board (Board) of October 29, 1990 is hereby reversed to the extent that it names Songer, Inc. as the liable employer; Pneumatic Corporation is the liable employer. In all other respects, the Board's order is affirmed.

---

**6.** Because of this disposition, Songer's alternative argument need not be addressed. Further, this court's disposition obviates any need to address any issue raised in a brief filed by J. Regis Wilk, Inc. (Wilk) an employer of Lynn dismissed as a party by the referee. Wilk's brief requested that this court affirm Wilk's dismissal from the proceedings.