639 A.2d 1310

**David POKITA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. AIR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 7, 1994.

Decided March 30, 1994.

98

Amiel B. Caramanna, Jr., for petitioner.

John P. O'Connor, for respondent.

Before COLINS and KELLEY, JJ., and RODGERS, Senior Judge.

COLINS, Judge.

David Pokita (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which reversed a referee's decision to reinstate claimant's benefits and award claimant the costs related to his hospitalization of May 18, 1989 through May 31, 1989. We affirm.

Claimant, a diabetic diagnosed since age 16, was employed as a fleet service agent by U.S. Air (employer) on August 13, 1987, when he suffered a fractured navicular and cuboid left foot after jumping from a tractor. Claimant's compensation was subsequently suspended by an order of the referee, dated April 13, 1989, because claimant returned to work.

A few days prior to May 15, 1989, claimant became ill at work, experiencing episodes of nausea and fever. Subsequently, on May 18, 1989, claimant was admitted to St. Francis Hospital for treatment of an infection of his left foot. Claimant was discharged from the hospital on May 31, 1989.

On October 16, 1989, claimant filed a petition seeking reinstatement of benefits for the period of May 18, 1989 through July 26, 1989, and payment of hospitalization costs. Claimant alleged that the infection which caused his hospitalization and absence from work was a recurrence of his prior work-related injury.

On November 16, 1990, the referee issued findings of fact, conclusions of law, and an order granting claimant's petition to reinstate benefits and awarding the requested costs of hospitalization. In determining that claimant's prior work-related injury was a substantial, contributing factor to his medical problems and disability, the referee found the following pertinent facts:

8. The Claimant submitted reports of his treating physician during his hospitalization, Michael W. Bowman, M.D. The Defendant submitted reports of Patrick W. Sturm, M.D. and a report of Michael R. Zernich, M.D.

9. The opinions of Dr. Bowman and Dr. Zernich are similar in that each believe [sic] that the Claimant's continuing left foot problems are related to his compensable injury. They also agree that the Claimant's pre-existing diabetes is at least a substantial causative factor. Their reports differ in that Dr. Bowman does not assign a degree or percentage to either cause of the Claimant's problems while Dr. Zernich reported that the diabetic condition is a ninety-five (95%) percent of the cause and the injury five percent (5%).

10.   I accept Dr. Zernich's opinion and find as fact that the Claimant's work-related injury is five percent (5%) of cause of the problems which led to his hospital admission on May 18, 1989 and of the disability related to these problems. The issue then becomes in this case whether this five percent (5%) causation is a significant factor to the Claimant's medical problems and disability. It is such a significant contributing factor.

11.   The five percent (5%) assessment of Dr. Zernich's cannot be considered alone. It must be considered in the context of his entire report. He described the Claimant's injury as the final incident which brought the Claimant to medical care. He reported that the Claimant could be cured of his problem if he did not have his diabetes, thereby indicating that his injury has not resolved. He could not eliminate the Claimant's injury as a cause of his continuing problems, but described this cause as minimal. I concluded that Dr. Zernich's five percent (5%) assessment *is a numerative evaluation of his adjective 'minimal.'*

12.   I reject Dr. Sturm's opinion that the Claimant's hospitalization is not related to his injury at work.

(Emphasis added.)

Claimant's petition was granted, his compensation was reinstated, and employer was ordered to pay claimant's hospital expenses for the period in question. Employer then timely appealed to the Board which, in a decision dated June 29, 1993, reversed the referee, concluding that the referee's findings were not based on substantial evidence. Claimant filed a timely appeal to this Court.

Our scope of review in appeals from the Board is limited to determining whether claimant's constitutional rights were violated, an error of law was committed, or the findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant contends that the Board erred in reversing the referee's decision that the injury of August 13, 1987 substan-

tially contributed to his medical problems and disability, because this decision was supported by substantial evidence. We disagree.

■ It is well settled that it is solely within the referee's discretion to find facts and, if these facts are grounded in substantial evidence, neither the Board nor this Court may disturb them. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa. Commonwealth Ct. 240, 563 A.2d 236 (1989). Since the referee, as fact finder, has exclusive power over questions of credibility and evidentiary weight, he may accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa. Commonwealth Ct. 327, 511 A.2d 905 (1986). In the present case, the reports of both Drs. Zernich and Bowman were accepted by the referee, while the report of Dr. Sturm was rejected.

■ Where there are alleged competing causes for disability, the claimant must establish that the work-related injury was a substantial, contributing factor to that disability. *General Electric Corporation v. Workmen's Compensation Appeal Board (Kosinski)*, 139 Pa. Commonwealth Ct. 310, 590 A.2d 819 (1991). As this Court has recently held, where no medical testimony exists in the record characterizing claimant's work-related injury as a substantial, contributing factor, the claimant cannot meet the requisite burden of proof as a matter of law. *Chicoine v. Workmen's Compensation Appeal Board (Transit Management Services)*, 159 Pa.Commonwealth Ct. 362, 633 A.2d 658 (1993). Both Drs. Zernich and Bowman agree that claimant's pre-existing diabetes was "at least a substantial causative factor" in his medical problems and disability. Their reports differ in basically one aspect: Dr. Bowman does not assign a degree or percentage to claimant's diabetes or his prior work-related injury, while Dr. Zernich opines that claimant's prior work-related injury minimally contributed to his problems. Thus, the record is devoid of medical testimony characterizing claimant's prior work-

related injury as a substantial, contributing factor to claimant's medical problems and disability. Moreover, the only medical testimony accepted by the referee characterizing claimant's prior work-related injury was that of Dr. Zernich, which depicted the prior work-related injury as a "minimal" contributing factor to claimant's medical problems and disability.

Therefore, based on the lack of support in the record, we conclude that the Board properly determined the referee's decision to reinstate claimant's benefits and award claimant the costs of hospitalization was not based on substantial evidence and, accordingly, we affirm the Board.

RODGERS, Senior Judge, dissents.

## ORDER

AND NOW, this 30th day of March, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

RODGERS, J., dissents.