641 A.2d 17

**David KOHUT, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SMITH ASPHALT PAVING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 27, 1993.

Decided April 7, 1994.

Reargument Denied May 23, 1994.

Raymond E. Ginn, Jr., for petitioner.

Robert A. Gallagher, for respondent.

Before CRAIG, President Judge, and KELLEY, J., DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

David Kohut (Claimant) petitions this Court for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying Claimant's Petition to Reinstate Compensation Benefits. The issues on appeal are whether Claimant was erroneously required to prove that his medical condition had changed and whether Claimant met his burden under the correct standard as enunciated in *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). We affirm.

Claimant was employed as a foreman with Employer, whose business involved the paving and landscaping of highways and roads, when, on September 25, 1980, while attempting to attach a mulching machine to the back of a truck, he was accidentally pinned against the hitch of the mulching machine

and suffered a severe contusion to his lower back and his lower abdomen. Claimant received compensation benefits pursuant to a Notice of Compensation Payable until March 24, 1981, at which time Claimant returned to work with Employer in his same position as a foreman and with no loss of earnings. Claimant's treating physician, Dr. Milton C. Lapp, signed a Physician's Affidavit of Recovery stating that Claimant had fully recovered from his work-related injury and that Claimant could return to his pre-injury job without restrictions.

Thereafter, Employer filed a Petition to Terminate Benefits on April 6, 1981, which was resolved by a Supplemental Agreement the parties entered into on June 3, 1982. The Agreement provided in pertinent part that:

> The parties agree that compensation shall be suspended/solely because David Kohut returned to work at wages equal to or in excess of his preinjury wages on March 24, 1981. This stipulation for suspension does not in any way constitute an admission by either party or otherwise have any impact upon the question of whether or not Mr. Kohut continues to suffer any disability arising out of the aforesaid accident.

Claimant continued working for Employer until September, 1982, when Employer closed its operations and Claimant was laid-off. Claimant was able to secure a position as a full-time substitute teacher from 1982 through 1989. Claimant also worked at a construction job in 1989.

On April 17, 1984, Claimant filed a Petition for Reinstatement of Compensation Benefits alleging that his disability continued and in fact had worsened, rendering him totally disabled. Employer denied any disability relating to the September 25, 1980 accident and argued that Claimant was terminated in 1982 for economic reasons only. Employer also alleged that Claimant had subsequently held other jobs and was capable of engaging in gainful employment. After holding hearings on the petition, the referee issued his first decision on January 10, 1986 denying Claimant's petition for reinstatement, finding that Claimant was not totally or even partially disabled from earning wages equal to or in excess of

his pre-injury wages. The referee concluded that "[b]ecause the Claimant has failed to meet his burden of proof and show that his condition has changed so as to become disabling to him, his Petition for Reinstatement of benefits should be dismissed."

After the Board affirmed the referee, Claimant filed a petition for review with this Court, which remanded the matter to the Board for factual findings on the sole issue as to whether Claimant had returned to his pre-injury job or to a modified position when he returned to work for Employer in March 1981.[1]

The referee conducted hearings on the remanded reinstatement petition in which both sides presented additional evidence. On February 7, 1991, the referee once again denied Claimant's reinstatement petition based on his findings that Claimant had returned to his pre-injury job without restrictions and because Claimant had failed to prove that his condition had changed. On appeal, the Board affirmed the referee and Claimant is once again before this Court on his petition for review.[2]

Claimant contends that the referee committed an error of law by requiring him to prove that his medical condition had changed in order to have his suspended benefits reinstated. Claimant also argues that in *Fells v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 122 Pa.Commonwealth Ct. 399, 552 A.2d 334 (1988), this Court eliminated the burden of proof distinction between those claimants who return to modified jobs and those who return to pre-injury jobs, and then file for reinstatement of benefits. Therefore, Claimant argues, because the medical evidence established the ongoing nature of his disability and because he also proved that he suffered a loss of earnings through no fault of his own

1. *Kohut v. Workmen's Compensation Appeal Board (Smith Asphalt Paving Co.)* (No. 3063 C.D. 1986, filed December 7, 1987).

2. Our scope of review is limited to whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

when Employer's business closed down and he was laid-off, he has met his burden of proof and his benefits should be reinstated.

In *Pieper*, the Supreme Court distinguished between those claimants who petition for reinstatement following termination of benefits and those claimants who petition for reinstatement following a suspension of benefits in order to determine what the proper burden of proof is in a given situation. In order to shed some light on the matter before us, we will quote at length the following passages from *Pieper*:

> In any event, a termination of benefits must go hand-in-hand with a termination of the liability of an employer. If the claimant later petitions for reinstatement of benefits, it is incumbent upon the employer to submit the proper evidence of such termination. . . . If the evidence . . . sufficiently establishes a 'termination of liability', then the claimant must establish a causal connection between his current condition and the prior work-related injury in order to have benefits reinstated. . . . To meet this burden, the claimant must establish that his disability has increased or recurred after the date of the prior award, and that his physical condition has actually changed in some manner. . . .
>
> No such causal connection must be shown in a 'suspension of benefits' situation. . . .
>
> In such suspension situations, the causal connection between the original work-related injury and the disability which gave rise to compensation is *presumed*. First, it is presumed because the causal connection . . . was initially either not contested by the employer or established by competent proof by the employee at the time of the original disability claim. Second, it is presumed because with a mere suspension of benefits, there is no contention by any party that the liability of the employer has terminated. The only fact established at a suspension of benefits is that the *earning power* of a claimant has improved to a point where benefits are no longer necessary. . . .
>
> Thereafter, if the economic picture of a claimant changes and he applies for reinstatement of benefits . . . the law

requires a claimant to prove two things in order to show that the reasons for the suspension no longer exist.... First, he must prove that through no fault of his own his earning power is once again adversely affected by his disability. And Second, that the disability which gave rise to his original claim, in fact, continues.

*Id.* 526 Pa. at 32–34, 584 A.2d at 304–5 (footnote omitted) (citations omitted) (emphasis in original).

█ In support of his petition for reinstatement, Claimant asserts that the uncontradicted evidence that he was laid-off from Employer's business in 1982 is sufficient proof of a recurrence of his loss of earnings. Claimant himself testified that although he returned to work in March, 1981, and worked for approximately 18 months, the Internal Revenue Service forced Employer's business to shut down, and as a result, Claimant was laid-off. Claimant's testimony in this regard was substantiated by Employer, Bob Smith's testimony. However, the record also reveals that subsequent to his lay-off, Claimant was able to secure other employment, albeit at wages less than his pre-injury wages. While this may be sufficient to satisfy the first prong under *Pieper*, Claimant must meet the second prong of the test, to wit, that the disability which gave rise to his original claim, in fact, continues.

A thorough review of the record before us does not reveal any evidence that Claimant's loss of earnings was due to his work-related disability, and in fact, the referee rejected Claimant's testimony and Claimant's medical witnesses' testimony that he was totally or even partially disabled from earning wages equal to or in excess of his pre-injury wages. The referee did, however, credit the testimony of Dr. Robert G. Stevens, Employer's doctor, who testified on cross-examination as follows:

[E]ven though [Claimant] had subjective pain, he really didn't show any abnormal findings. He had no weakness of muscles, no loss of reflexes. And, if he had true sciatic changes, he would certainly have some changes in that interim period of time to support that.

His [Dr. Rossman, one of Claimant's doctors] findings were sensory, i.e., I have pain. Which we would never dispute. But his findings didn't support a motor involvement of pain.

Deposition of Dr. Stevens, pp. 28–29. The referee accepted Dr. Stevens testimony that Claimant's range of motion was normal and that Dr. Stevens found it significant that Claimant had been able to perform satisfactorily after returning to work for a period of three to four years following the work injury. The referee further found that while Claimant did "experience some discomfort ... his range of motion seems intact as evidenced by the various examinations and his own capabilities over the years since his injury." Findings of Fact No. 8, January 10, 1986 Referee's Decision.

■ Accordingly, while it appears that the referee applied an incorrect burden of proof, we may still affirm the decision if the result would be the same analyzed under the proper burden of proof. *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas)*, 87 Pa.Commonwealth Ct. 86, 486 A.2d 564 (1985). Accordingly, after our overall review of the record and the findings of fact made by the referee, we are satisfied that there is ample support for the referee's decision to deny Claimant's reinstatement petition in that Claimant did not meet his burden of proof under *Pieper.*

The order of the Board is affirmed.

### *ORDER*

AND NOW, this 7th day of April, 1994, the order of the Workmen's Compensation Appeal Board at No. A91–0374 is affirmed.