**Joseph MARLEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (COMMONWEALTH OF PENNSYLVANIA/PENN DOT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1995.
Decided Jan. 31, 1996.
Reargument Denied March 28, 1996.

John A. Bednarz, Jr., for Petitioner.

Thomas P. Cummings, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Joseph Marley (Claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) reversing the Referee's decision denying the Commonwealth of Pennsylvania, Department of Transportation's (Employer) modification petition.

In 1976, Claimant fell from a truck while at work and injured his right shoulder, arm, leg and hip, resulting in his having a full hip replacement. Claimant has been receiving compensation pursuant to a notice of compensation payable. In 1989, Employer filed a modification petition, alleging that Claimant had sufficiently recovered from his work-related injury so as to return to available light duty and sedentary employment. Employer's petition was premised on the fact that Claimant had been referred to six available jobs within his physical limitations, but had not pursued those referrals in good faith.

In support of its petition, Employer presented the testimony of Michael C. Racklewicz, M.D., a board certified orthopedic surgeon. Dr. Racklewicz testified that, from an orthopedic standpoint, Claimant was capable of returning to work in a light duty or sedentary capacity. Dr. Racklewicz further testified that Claimant could perform the positions to which he was referred by Employer. Employer also presented the testimony of William Walker, a certified vocational rehabilitation specialist with Walker Rehabilitation and Associates. Mr. Walker testified that he had secured six positions for Claimant that fell within his educational and vocational background and that comported with his physical limitations. Mr. Walker further testified that, based upon his follow-ups with prospective employers, Claimant had applied to only two of these positions.

In opposition to Employer's petition, Claimant presented the testimony of his treating physician, Gary Wolfgang, M.D., a board certified orthopedic surgeon. Dr. Wolfgang opined that, although Claimant's hip replacement surgery was successful, Claimant still suffers from pain in his lower back, right leg, and right hip. Dr. Wolfgang attributed Claimant's continued pain to sciatica that resulted from chronic arthritis in his lower back and from degenerative disc disease. Dr. Wolfgang also stated that, although Claimant was limited in his physical functions because of his artificial hip, he agreed that Claimant could perform sedentary and some light duty work of the type to which he was referred.

Claimant also testified, stating that he had applied for all of the positions to which he was referred by Walker Rehabilitation and Associates. In support of this testimony, Claimant produced written documentation from four of the employers which indicated that Claimant had, in fact, applied for the positions. Claimant also produced the testimony of Donald J. Sharf, who went with Claimant to apply for the two other jobs for which Claimant had no documentation. Claimant admitted, however, that he had indicated to the prospective employers that he was totally disabled since 1979 as a result of his non-work-related heart condition.

The Referee, accepting Claimant's testimony as credible, concluded that he had applied to all six of the positions to which he was referred by Walker, and therefore, had made a good faith application to all of the jobs. Employer appealed to the Board, which reversed the Referee's decision. In so doing, the Board cited to Claimant's admission that he had told one or more of the prospective employers that he was totally disabled. This misstatement of fact by Claimant, the Board concluded, prevented a finding of good faith

application to the referred jobs.[1] Claimant appeals to this Court.[2]

■ Claimant contends that there was substantial evidence in the record to support the Referee's determination that Claimant had acted in good faith in pursuing the six job referrals.[3] When a claimant has partially recovered from a work-related injury and has received medical clearance to work in certain occupational categories, the employer seeking to modify the claimant's benefits bears the initial burden of proving that it has referred the claimant to then available jobs that fall within the categories for which the claimant has received medical clearance. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The burden then shifts to the claimant to prove that he or she has followed through on the job referrals in good faith. *Id.* If the claimant has informed the prospective employer of all of his or her physical limitations resulting from a non-work-related injury prior to interviewing for the positions, then the claimant has sabotaged the job referrals and has not acted in good faith. *Hunter v. Workmen's Compensation Appeal Board (Geriatric & Medical Center, Inc.)*, 667 A.2d 259 (Pa.Cmwlth.1995); *Munroe v. Workmen's Compensation Appeal Board (H & G Distributing Co.)*, 151 Pa. Cmwlth. 465, 617 A.2d 88 (1992), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 294 (1993); *see also Sakell v. Workmen's Compensation Appeal Board (Ridgaway Philips Health Care Center)*, 651 A.2d 704, 706 n. 2 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 541 Pa. 647, 663 A.2d 698 (1995).

■ While *Kachinski* and its progeny establish a procedure to address situations in which the claimant has partially recovered from his or her work-related injury and is capable of resuming some type of employment, they do not readily lend themselves to situations where, as here, the claimant has partially recovered from his or her work-related disability, but nevertheless, remains totally disabled from some non-work-related condition. In such cases, it would be impossible for the employer to find positions that the claimant could perform, and it would be illogical to require the claimant to apply for those jobs when his non-work-related disability prevents him from taking any of them. Moreover, when, as here, the illogical does happen, and the claimant applies for a referred position, it is not bad faith for the claimant to truthfully mention that he or she is unable to perform the job because of a total disability.

The anomaly that is created when a claimant has partially recovered from a work-related injury but remains totally disabled from a non-work-related injury has recently been addressed by our Supreme Court in *Markle v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 541 Pa. 148, 661 A.2d 1355 (1995). In that case, the Court held that an employer seeking to avoid the reinstatement of benefits to a claimant that remains totally disabled because of a non-work-related condition need only show that there is work available to the claimant that he or she would be capable of performing within the physical limitations resulting solely from a work-related injury. *Id.* To avoid requiring an employer to compensate a claimant for non-job related injuries during the period that the claimant is recovering from his or her work-related injury, the Court held that, absent bad faith on behalf of the employer in finding positions for the claimant, and so long as the employer has established that there are positions available to the claimant that could be performed but for the non-work-related condition, then the

---

1. The Board observed that the Referee made no determination regarding Claimant's demeanor and actions after he had applied for the jobs. Nevertheless, citing to Claimant's admission, the Board concluded that a remand for such a determination was not necessary.

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact are not supported by substantial evidence in the record. *Pokita v. Workmen's Compensation Appeal Board (U.S. Air)*, 163 Pa. Cmwlth. 97, 639 A.2d 1310 (1994).

3. Moreover, Claimant argues, because the Referee did make a finding regarding his demeanor during the application process, the Board erred in making a credibility determination on that issue and in substituting its judgment for that of the Referee.

employer has satisfied its burden of proof. *Id.*[4]

In the present case, there was no dispute that Claimant has partially recovered from his work-related injury to the point that he could work in sedentary positions. At the same time, however, there is no dispute that Claimant is totally disabled because of his heart condition, a non-work-related injury. As such, all that Employer was required to establish was that there were sedentary positions available to Claimant. Having done so, Employer was entitled to a modification of Claimant's benefits.[5]

Accordingly, the decision of the Board granting Employer's modification petition is affirmed.

### ORDER

AND NOW, this 31st day of January, 1996, the order of the Workmen's Compensation Appeal Board at No. A94–2835, dated May 1, 1995, is affirmed.

---

4. Although the facts of *Markle* deal specifically with a reinstatement petition, the Court indicated that its reasoning would likewise apply to an employer's modification petition.

5. We observe that, although we are deciding this matter on a different theory of law than did the Referee and the Board, the final decision of the Board is not affected, and therefore, must be affirmed. *See Kohut v. Workmen's Compensation Appeal Board (Smith Asphalt Paving Co.)*, 163 Pa.Cmwlth. 266, 641 A.2d 17 (1994).